## W. B. LEAKEY v. ISAAC J. GUNTER.

Where both parties derive their title to land by the same conveyance, a suit brought by one of them against the other, the object of which is to establish that the legal title vested in the defendant by that conveyance was held by him in trust for the plaintiff, and to compel the execution of the trust, is not an ordinary action of trespass to try title, but a suit to enforce the equitable title against the trustee of the legal estate.

To enable the plaintiff to recover in such an action, it is not incumbent upon him to deraign title from the government. The rule requiring the plaintiff, in ordinary actions of trespass to try title, to recover upon the strength of his own title does not apply.

It is settled by repeated decisions of this court that trusts in land, as well those which are created by express contract as those which are implied and result by construction of law, are not within the provision of the statute of frauds, and consequently need not be evidenced by writing.

It is competent to prove by parol that the plaintiff was in fact the purchaser, and for whose benefit the purchase was made, though the deed may have been taken in the name of the defendant. Conversations occurring during the negotiations for the purchase are admissible as a part of the *res gestæ*.

APPEAL from Wood. Tried below before the Hon. C. A. Frazer.

This was a suit brought by the appellee against the appellant, for the purpose expressed in the opinion of the court, to wit: to establish that the legal title vested in the defendant by a certain conveyance to him was held by him in trust for the plaintiff, and to compel the execution of the trust. The ground of action substantially was, according to the allegations of the petition, that the plaintiff had contracted to purchase from J. M. Clark, as the agent of J. E. Lemon, a tract of land comprising thirty acres, for the price of two hundred and fifty dollars; the inducement on his part being to acquire six acres thereof, upon which was situated a brick yard and well; that after making said agreement, he proposed to the defendant, who was his son-in-law, that if the latter would pay fifty dollars of the price, the plaintiff would pay the residue, and reserving the six acres for himself, allow the defendant to have the remaining twenty-four acres. Which proposal

Leakey v. Gunter.

was agreed to, and the boundary lines between them stipulated for and determined. The petition alleged the value of the defendant's portion (on which was a house and ten or fifteen acres under fence) to be two hundred dollars, and the residue worth not more than sixty dollars, except for the purpose of a brick yard; that he was induced to make the arrangement on account of the relationship between them. Petition alleges that in December, 1857, plaintiff being the occupant, gave defendant permission to take possession of the twenty-four acres, and he retained possession of that part reserved for himself. In January, 1858, plaintiff placed in the hands of the defendant a note on one John M. Boyd, for two hundred and thirty dollars, to collect as his agent, and from the proceeds thereof to pay for the land purchased as aforesaid. The note was collected by the defendant, and two hundred dollars thereof paid by him to the agents of Lemon, and from one of them, J. W. Greer, received a deed to himself for the entire tract of thirty acres.

The defendant demurred to the petition, pleaded a general denial, and an answer in full to the facts of the petition, in effect being special traverses of the allegations made by the plaintiff, and claiming that the Boyd note was given to him by the plaintiff; and that the contract under which he received the conveyance from Clark & Greer, (the agents of Lemon,) was wholly independent of, and disconnected with any proposals before that time made by the plaintiff for the land. The defendant also pleaded that the contract set up by the plaintiff in regard to the land, under which he claimed, was not in writing, and void under the statute of frauds.

The plaintiff introduced, in evidence, the deed from John E. Lemon by his agent, J. W. Greer, to Isaac J. Gunter for the thirty acres of land, dated 3d of March, 1858; a power of attorney from Lemon to Greer, authorizing him to sell and convey, and a deed from Alexander Lacey to Lemon for said tract of land.

Plaintiff introduced J. M. Clark, who testified that he was the agent of Lemon, with authority to sell; that Greer had a power of attorney to convey. Witness had frequently spoken to Leakey concerning six acres of land which Lemon had promised to sell

26Y

said Leakey; but that contract was not confirmed. Another contract was made between witness and Leakey, for the sale of the whole thirty acres for two hundred and fifty dollars; but Leakey offered to pay in some note on Boyd, secured by deed of trust; but witness would not accept the offer. Leakey was to have had two deeds to the tract, one of which was to have been for the six acres. It was agreed (owing to the six acres not being surveyed off the tract) between witness and Leakey, that the deed to the whole thirty acres might be made to Gunter who, as Leakey said, was to have the other part of the land, and that Gunter could make a deed to Leakey for the six acres, when surveyed, at witness' leisure. These conversations occurred prior to the execution of the deed to Gunter, and not in the presence of said Gunter. Witness did not know Gunter in any of the conversations; heard Leakey say he had given two hundred dollars out of the Boyd note to defendant.

The defendant objected to the conversations between witness and Leakey as evidence to bind or affect Gunter, he not participating therein, nor consenting thereto. Objection overruled; to which defendant excepted.

Witness, J. W. Greer, testified that some time before the deed was made, it was understood between Clark, Leakey, and himself, that the plaintiff was to have the land if he paid the money. Objected to for the same reason as above; objection overruled, and ruling excepted to. Witness proved that defendant paid him the price for the land, and that he executed to him the deed.

Other facts in the case, and the charge of the court, and those refused to be given, need not be here stated. A verdict was rendered for the plaintiff for the six acres of land, and decree made in accordance therewith.

The appellant's counsel argued, among other grounds for reversal, that the plaintiff had failed to show a title to the land in controversy, derived from the government.

*Donley & Anderson,* for the appellant.

*J. H. Dearborn,* for the appellee.

WHEELER, C. J.—The principal object of the suit was to establish and enforce a trust, for the benefit of the plaintiff, in the land in controversy. Both parties derived their pretensions of title from the same source, and by the same conveyance; and the object of the suit was to establish that the legal title vested in the defendant by that conveyance was held by him in trust for the plaintiff, and to compel the execution of the trust. It was not an ordinary action of trespass to try title, but a suit to enforce the equitable title against the trustee of the legal estate. It was not a case, therefore, in which it was incumbent on the plaintiff to deraign title from the government, and where he must recover upon the strength of his title. As between the parties, it was enough for the plaintiff to show a purchase with his money for his benefit, and that the conveyance was taken in the name of the defendant. The consequence of such proof is, that the defendant holds the legal estate in trust for the plaintiff, who may maintain the action to enforce the trust, without taking upon himself to show that the title in question in the suit is the paramount title to the land. That is not the question at issue in the case. It is not, therefore, a well-founded objection to the recovery that the plaintiff did not deraign title from the government.

There is nothing in the objection to the testimony of the witnesses Clark and Green, as to what transpired while the negotiation for the purchase of the land was pending. It is settled by repeated decisions of this court that trusts in lands, as well those which are created by express contract as those which are implied and result by construction of law, are not within the provision of the statute of frauds, and consequently need not be evidenced by writing. (James v. Fulcrod, 5 Tex. R., 512; Mead v. Randolph, 8 Id., 191.) It was competent for the plaintiff to prove by parol that the purchase was in fact made by him, and for his benefit, though the deed was taken in the name of the defendant. The conversations objected to, which occurred during the negotiations for the purchase, were admissible as a part of the *res gestæ*.

There is no error in the charge of the court. It does not appear by the record, that any of the charges which were refused by the court were asked upon the final trial. It is therefore unnecessary

to revise these rulings; and there is no question presented by the record that requires especial notice. We think the verdict warranted by the evidence, and are of opinion that the judgment be affirmed.

·Judgment affirmed.