J. M. ODELL v. THE GULF, COLORADO & SANTA FE RAILWAY COMPANY.

No. $\frac{16}{771}$.

1. **Condemnation—Parties—Equitable Rights.**—The vendee under an executory contract of sale of land, not a party to condemnation proceedings for a right of way, can maintain a suit for his damages against the railway company which had notice of his interest in the land at the time of the condemnation proceedings, notwithstanding he has made default in the payments to be made under the contract, no advantage having been taken by the vendors of such default.

2. **Express Trust — Legal Title — Parol Evidence. —** Three persons purchase a tract of land, each to own an undivided third-interest in the same, and to pay one-third of its price. The deed is taken in the names of but two of them. *Held*, they hold in trust for the purchaser not named in the deed the legal title to an undivided one-third interest, subject to his compliance with the terms of the joint purchase, and such trust may be shown by parol.

APPEAL from the County Court of Johnson. Tried below before Hon. F. E. ADAMS.

*Poindexter & Padelford*, for appellant.—1. The court erred in instructing the jury that plaintiff had no right, title, interest, or property in the land described in his petition at the time defendant built its road across same, and in peremtorily instructing the jury to return a verdict in favor of defendant, because the uncontradicted facts of this case showed that plaintiff had an undivided one-third equitable interest in said land, that he had a right of property in said one-third interest, that he owned a valuable interest in said land of at least $50 or $55 per acre, and that this interest of this value was destroyed by the wrongful acts of defendant. Const., art. 2, sec. 17; Railway v. Railway, 71 Texas, 173; Severin v. Railway, 38 Iowa, 463; Larsen v. Railway, 44 Am. and Eng. Ry. Cases,

92; Railway v. Gates, 39 Am. and Eng. Ry. Cases, 45; Gerard v. Railway, 10 Am. and Eng. Ry. Cases, 506; 2 Beach on Rys., sec. 793; Anderson v. Pemberton, 89 Mo., 61; Railway v. Fuller, 63 Texas, 467; Elliott v. Mitchell, 47 Texas, 445; Downs v. Porter, 54 Texas, 59; 2 Wood on Rys., 862.

2. Section 17 of the Bill of Rights uses the word property in its broadest and fullest sense, and is intended to provide an adequate compensation for everything of value that may be taken, damaged, or destroyed for or applied to a public use. Plaintiff had and owned a valuable property right, which was capable of bargain and sale, and the value of which was such as could be computed. Defendant forcibly took and destroyed this valuable right for a public use, without adequate compensation being made; and under our Constitution plaintiff is entitled to such compensation; and the lower court erred in instructing the jury to return a verdict for defendant, thus denying plaintiff this adequate compensation for this valuable property right so unlawfully taken and destroyed by defendant. Railway v. Fuller, 63 Texas, 467; Railway v. Wilder, 17 Kans., 239; Railway v. Hunt, 39 Am. and Eng. Ry. Cases, 127; Elliott v. Mitchell, 47 Texas, 445; Downs v. Porter, 54 Texas, 59; Mills on Em. Dom., sec. 262.

*J. W. Terry*, for appellee.— 1. The appellant never acquired any interest in the land, but merely had a bond for title, which gave him the right to purchase at some future time by the payment of the purchase money. He never made any payment at the time the same was due, before, or since, and consequently he never acquired any title in the land.

2. If the defendant had commenced and prosecuted the condemnation proceedings against the appellant to a conclusion at the time of the construction of its road, or at any time since, it would have acquired no title to the land thereby, for the acquisition of any title by the appellant depended on his complying with the contract with Crane and Ramsey, and as he failed to comply with such contract, he never acquired any title or interest in the land. Under the circumstances, it would have been possible for the defendant to have instituted proceedings against the appellant, but had an award been made in his favor, he could have collected the money and walked off without ever complying with the contract with Crane and Ramsey, and defendant would have secured nothing by the proceedings.

3. By the condemnation decree against Crane and Ramsey, who had the legal title, the appellee acquired a legal title to the right of way, subject to appellant's equity, which was to acquire title in one-third by a compliance with the contract, and upon the failure of appellant to comply with such contract, appellant's equity ceased, and the appellee now holds the land free of the same.

4. Whether the suit be by the railway company condemning, or by the land owner to recover the value of his interest in the right of way, damages are to be assessed with reference to the value of such interest at the time of the assessment, and not at the time the railway was constructed. This, to our sorrow, was held by this court in the case of Railway v. Litsey, Tyler Term, 1890, and has since been held by the Supreme Court in Railway v. Cave, Galveston Term, 1891. At the time this suit was instituted, and at the time of the trial, plaintiff had never paid a cent to Crane and Ramsey, and the time at which he had the right to make the payment and acquire an interest in the land had expired, and hence at the time of the trial the appellant had no interest in the land upon which anything of value could be assessed.

STEPHENS, Associate Justice.—Appellant brought this suit against appellee to recover damages resulting to him from the construction of its railway diagonally across a 15 acres block of land near the town of Cleburne, in which he claimed to own an undivided one-third interest. The court instructed the jury that the written instrument upon which appellant founded his right to the land did not vest in him any interest therein; and therefore that they should return a verdict for appellee. This instrument reads:

"*State of Texas, County of Johnson.*—Whereas, we, M. M. Crane and W. F. Ramsey, did on the 7th day of February, 1887, purchase from Henry and Jerusha Donahoo about 15 acres (near Cleburne) of land, fully described in said deed, which is recorded in Johnson County records, volume 34, page 516, to which reference is made, at and for the sum of $670.70, as follows, $223.50 due November 15, 1887, and $223.50 due April 15, 1888, $223.50 in cash, with 12 per cent per annum interest date; and whereas it was understood that J. M. Odell was to share in said purchase. and paying his proportional share of the purchase money of said land: Now, therefore, we, M. M. Crane and W. F. Ramsey, hereby bind ourselves, on the payment to us on or before January 1, 1888, of one-third of the same as we have paid on said land or may hereafter pay, with 12 per cent interest from date of such payment, and with the understanding that he is to pay one-third of any sum to become due on said land, to deed to said J. M. Odell an undivided interest of one-third in and to said land in the said Donahoo deed described.

" Witness our hands, this March 7, 1887.

                 " M. M. Crane,
                 " W. F. Ramsey."

It was duly acknowledged and recorded, and appellee had full knowledge of whatever rights it conferred before the construction of the rail-

way across the land. It appears that appellant furnished to Crane and Ramsey the information which led to the purchase of this land, and that the purchase was made, as indicated by this instrument, for the joint benefit of the three. Ramsey and Crane declined to make a conveyance of the right of way to the railway company, on account of the interest of appellant in the land; but agreed to take $125 as their proportion of the damage incident to the taking of the land by the railway company, provided it would institute condemnation proceedings against them, which was accordingly done in the spring of 1887, resulting in the assessment of $125 as the damages to Crane and Ramsey's interest only in the land.

It appears that the total damage amounted to at least the sum of $200 or $250, and that the land was taken and the railway constructed about May or June, 1887, and that appellant could have sold his interest in the land at a profit before, but not after, the railway was constructed. It also appears, that while the damage was done before the time specified in the obligation for the first payment to be made had arrived, he had not at the institution of this suit, which was after that time, made any payment, as provided in said instrument; but no advantage seems to have been taken by Crane and Ramsey of this default, and it seems that they were still willing to execute a deed, as therein provided, upon his complying with the terms of the instrument. Appellant was not made a party to the condemnation proceedings, but met the commissioners appointed to assess the damages, and informed them of his interest in the land and that he claimed damages. We are of opinion that there was error in instructing the jury, under this state facts, to return a verdict against appellant.

In treating of the subject of parties to condemnation proceedings, Mr. Lewis, in his work on Eminent Domain, section 319, lays down this rule: "In case of an executory contract of sale, it is generally held that the vendee is entitled to the compensation, on the ground that he is the equitable owner of the property, and that what is taken is subtracted from what he is to receive by his contract, while the vendor remains entitled to the whole amount of purchase money agreed to be paid. The better course, however, would seem to be to make both the vendor and vendee parties, and then the compensation can be paid to the one or the other, or apportioned between them, as may seem just to the court." The following authorities cited in the note have been examined, and seem to sustain the text: Railway v. Wilder, 17 Kans., 239; Kuhn v. Truman, 15 Kans., 423, 426; Railway v. Ingalls, 15 Neb., 123; Pinkerton v. Railway, 109 Mass., 527, also 10 Cush., 385. But Smith v. Ferris, 6 Hun, 553, tends in a different direction. It would also seem that in this State, where an express trust may be shown by parol, appellant's interest in the land did not depend alone upon the written obligation to convey the legal title upon his making the specified payments, but that from the date

of the deed previously made to Crane and Ramsey, they held in trust for him the legal title to an undivided one-third interest, subject to his compliance with the terms of the joint purchase.    Black v. Caviness, 2 Texas Civ. App., 118, and cases there cited.

These views lead to a reversal of the judgment. The cause will therefore be remanded for a new trial.

*Reversed and remanded.*

Delivered June 14, 1893.

Motion for rehearing overruled September 15, 1893, by Court of Civil Appeals, Fifth District.