### C. J. JONES v. LEDGER DAY ET AL.

Decided June 21, 1905.

**1.—Promissory Note—Parol Evidence.**

Parol evidence was admissible to show that the payee of a promissory note was not the real owner, but held in trust for another, over objection that it varied the terms of a written instrument.

**2.—Same.**

Notes given for the purchase money of land, the property of a wife separated from her husband, having been made, as to the principal, payable to her three children, but with the interest payable to her, it was competent, in a suit by one of the payees for partition of the notes, to show by parol evidence that the intention in making the notes so payable was to defeat the husband's interest in case of the death of the wife, and that no gift of the principal to the children was intended, but that the wife was to have the principal as well as the interest during her life.

**3.—Evidence—Action by Heirs.**

In an action by an heir, parties to the suit, who have disclaimed any interest, may testify as to transactions with the decedent.

**4.—Harmless Error.**

The improper admission of testimony of parties in a suit by heirs will not be considered ground for reversal where the trial was without a jury and there was ample competent evidence to sustain the judgment.

Appeal from the District Court of Franklin County. Tried below before Hon. P. A. Turner.

*L. L. Wood,* for appellant.—It clearly appearing on the face of the notes that their principals were payable to Lydia Bennett, Alice Riddle and Della Day, and the interest payable annually to Sarah Bennett, the testimony of Sarah Bennett, J. J. Bennett, Ledger Day and Della Day, to the effect that there was a contemporaneous agreement that said notes were not to be paid as provided in the notes, but was to be paid to Sarah Bennett, varied and contradicted the terms of the notes, to which they were all parties and was inadmissible. Boone v. Mierow, 76 S. W. Rep., 772; Amelia Kahn v. H. C. Kahn, 94 Texas, 114; Boyd v. Boyd, 78 S. W. Rep., 39; Byars v. Byars, 11 Texas Civ. App., 567; Thompson v. Caruthers, 51 S. W. Rep., 1093; Thompson v. Caruthers, 92 Texas, 530.

This suit being an action by the plaintiff, as heir of Lydia Bennett, deceased, and Sarah Bennett, J. J. Bennett, Ledger Day and Della Day, being parties to this suit, their testimony to the effect that there was a parol contract and understanding between J. J. Bennett, Sarah Bennett, Lydia Bennett, deceased, Ledger Day, Della Day, W. E. Riddle and Alice Riddle, that the principals of the notes were not to be paid to Lydia Bennett, Della Day and Alice Riddle but were to be the property of Sarah Bennett, was inadmissible when offered over plaintiff's objections. Baugh v. Geiselman, 55 S. W. Rep., 615; Hedges v. Williams, 64 S. W. Rep., 76; Glover v. Thomas, 75 Texas, 506; Parks v. Caudle, 58 Texas, 216; Hicks v. Hicks, 26 S. W. Rep., 227.

*R. T. Wilkinson,* for appellee.—The court properly admitted the evidence complained and it was admissible for and under each of the following reasons. 1st. To show that there was no delivery of the notes to the payees, a fact absolutely necessary to show a valid gift. 2d. The rule excluding parol evidence to contradict a written instrument applies only to parties having some interest in the subject matter. 3d. Parol evidence is always admissible to establish a trust in property. 4th. Parol evidence is admissible to prove parts of a contract that is not reduced to writing and not intended to be reduced to writing. 5th. There is no relation between the parties sufficient to exclude parol evidence of all matters pertaining to the transaction in this case. Weatherley v. Choate, 21 Texas, 273; Peeler v. Guilkey, 27 Texas, 358; Thompson v. Caruthers, 92 Texas, 530; Greenleaf on Evidence, 1st vol., arts. 279 and 284a.

A party to a suit that has filed a disclaimer and been discharged is no longer a party, and he may testify as to statements made by and transactions had with a deceased party whose heirs are parties to the

suit.    Eastman v. Roundtree, 56 Texas, 110; Markham v. Caruthers, 47 Texas, 21.

EIDSON, ASSOCIATE JUSTICE.—This suit was brought by appellant against the appellees Ledger Day, Della Day, J. J. Bennett, Sarah Bennett, W. E. Riddle and Alice Riddle for partition of three promissory notes, each for the sum of $400, of date August 1, 1901, due respectively January 1, 1904, 1905 and 1906, signed by the defendant, W. E. Riddle, and payable to Lydia Bennett, Alice Riddle and Della Day; said notes bearing ten percent per annum interest, payable annually, to appellee Sarah Bennett.   It is alleged that the defendants, J. J. Bennett and Sarah Bennett are husband and wife, and that Lydia Bennett, Della Day and Alice Riddle were their only children; that Ledger Day is the husband of Della Day and that W. E. Riddle is the husband of Alice Riddle; that Lydia Bennett married the appellant, C. J. Jones, after the notes were executed, and died without issue; that said notes were given in consideration of a tract of land deeded by J. J. Bennett, Sarah Bennett, Lydia Bennett, Ledger Day and Alice Day to W. E. Riddle on the same day the notes were executed, and the vendor's lien retained; that the principals of these notes belong to appellant, Alice Riddle and Della Day, and the interest thereon to Sarah Bennett, and appellant prays for partition.

Alice Riddle and W. E. Riddle answered confessing the facts as set up in appellant's petition, and joined him in the prayer for partition. J. J. Bennett, Della Day and Ledger Day on the day of and before the trial, filed disclaimers.

Sarah Bennett answered, claiming to be the owner of the three notes, and denied the appellant's right to partition.   She admitted that the principals of the notes were expressly made payable to her said children, and that the interest was expressly made payable to her, but alleged that there was a contemporaneous parol agreement that the principals of the notes should not be paid to the children during her life, but were to be paid to her, as well as the interest.   Sarah Bennett also alleged in her answer that the notes described in appellant's petition were given as the purchase money for land that was her separate property and her homestead, and that the parties named as payees in said notes had no interest in said land, and that it was agreed by all parties that the notes were not. to be paid to the payees therein named, except in the event of her death before maturity of them; that said notes were negotiable and were delivered to her, and that she had had possession of them all the time since their execution, and that said notes constitute the only property she has.   It was shown by the evidence that at the time of the execution of said notes, since and at the date of the trial, the said Sarah Bennett and her husband, J. J. Bennett, were separated and not living together.

The case was submitted to the court without a jury, and judgment was rendered in favor of Ledger Day, Della Day and J. J. Bennett on their disclaimers and in their favor for costs, and that appellant, plaintiff below, take nothing by his suit; and that Sarah A. Bennett is the legal and equitable owner of the notes described in appellant's petition, and in her favor for costs of suit against appellant, plaintiff in the

court below, and W. E. Riddle and Alice Riddle, defendants in the court below.

Appellant's first, second, third and fourth assignments of error are presented together, and are as follows:

"1. The court erred in admitting in evidence the following testimony of R. L. Day: 'I remember the circumstances of this deed having been made. I know why the notes were made payable as they were. They were made payable this way to pacify Mrs. Bennett. At that time Mr. and Mrs. Bennett were separated. She did not want him to have any of the land or any of the proceeds of the land. These notes were made payable to the children to keep him from getting any of it after Mrs. Bennett's death. They were made payable to the children to make them their property as long as she lived,' over plaintiff's objection, as shown by bill of exception No. 1.

"2. The court erred in admitting in evidence, over plaintiff's objection as shown by bill of exception No. 2, the following testimony of Sarah A. Bennett, to wit: 'It was understood by all the parties that the notes were to be paid to me if I was alive, but being in bad health, I had them made payable to my children, in order that J. J. Bennett could not collect them at my death. I was to own them during my lifetime. They were placed in my possession by agreement of all the parties as my property.' It was not intended that said notes should be collected by these parties during my lifetime. I did not intend to give these notes or the money to my children during my lifetime. I fixed it in this way in order that I might have the interest on this money to support me during my lifetime, and in case of my death the balance, if any remained, would go to my children.'

"3. The court erred in admitting in evidence over plaintiff's objections, as shown by bill of exception No. 3, the following testimony of Della Day, to wit: 'It was understood by all the parties that these notes were the property of our mother, Sarah A. Bennett; that it was not a gift to the children, and they were not to collect them during her lifetime and only in case of her death. Sarah A. Bennett was to own the notes during her lifetime, and she took possession of them immediately after their execution by consent of all parties.'

"4. The court erred in admitting in evidence over plaintiff's objection, as shown by bill of exception No. 4, the following testimony of J. J. Bennett, to wit: 'My children told me they were willing to deed it (the land) back to me. They did not state anything about claiming any interest in it. They said they did not claim it; did not claim any interest in these notes. They all stated to me that they did not claim any interest in the notes. They all claimed that it was their mother's.'"

Appellant's first proposition under the above assignment of error is to the effect that it appearing on the face of the notes that their principals were payable to Lydia Bennett, Alice Riddle and Della Day, and the interest payable annually to Sarah Bennett, the testimony of Sarah Bennett, J. J. Bennett, Ledger Day and Della Day that there was a contemporaneous agreement that said notes were not to be paid as provided in the notes, but were to be paid to Sarah Bennett, varied and contradicted the terms of the notes, to which they were all parties,

and hence was inadmissible. The uncontroverted testimony showed that the notes sought to be partitioned were given for the purchase money of a tract of land the separate property of appellee Sarah Bennett; and hence if appellant was entitled to any interest in them, it was by reason of the gift by the said Sarah Bennett of the consideration of the sale of said land to her daughters, Lydia Bennett, Della Day and Alice Riddle. The testimony, the admission of which is complained of, showed that the payees in the notes held the legal title to the principals thereof in trust for Sarah Bennett during the period of her natural life. Parol evidence was admissible to prove this fact; and hence the court did not err in admitting the testimony. (Thompson v. Caruthers, 92 Texas, 530.)

Appellant by his second proposition under said assignments of error contends that as this suit was an action by him as heir of Lydia Bennett, deceased, and Sarah Bennett, J. J. Bennett, Ledger Day and Della Day being parties to the suit, their testimony to the effect that there was a parol contract and understanding between J. J. Bennett, Sarah Bennett, Lydia Bennett, deceased, Ledger Day, Della Day, W. E. Riddle and Alice Riddle, that the principals of the notes were not to be paid to Lydia Bennett, Della Day and Alice Riddle, but were to be the property of Sarah Bennett, was inadmissible, when offered over appellant's objections. The witnesses J. J. Bennett, Della Day and Ledger Day having before the trial disclaimed any interest in the notes sought to be partitioned their testimony was admissible. (Eastman v. Roundtree, 56 Texas, 110; Markham v. Caruthers, 47 Texas, 21.)

This being an action by the appellant as heir at law of his deceased wife, formerly Lydia Bennett, the testimony of Sarah Bennett as to transactions with or statements by the deceased, Lydia Bennett, relating to material issues in the case was inadmissible, being in contravention of article 2302, Sayles' Revised Statutes. However, the action of the court in admitting her testimony is not reversible error, the case having been tried before the court without a jury, and there being ample competent testimony, as shown by the record, to authorize the judgment of the court. (Clayton v. McKinnon, 54 Texas, 206-13; Lindsey v. Jaffray, 55 Texas, 640; First Nat. Bank of Greenville v. Greenville Oil Co., 60 S. W. Rep., 828; Wells v. Burts, 3 Texas Civ. App., 436.)

There being no reversible error pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*