SIDON HARRIS v. ENNIS STARK.

No. 1845. Decided May 20, 1908.

**1.—Jurisdiction of District Court—Decision Settling Case.**

The reversal and remand of a case on appeal, for error in excluding a deed, practically settles the case and gives the Supreme Court jurisdiction on writ of error, where the admission of the deed would necessarily result in a judgment for the appellant. (Pp. 589, 590.)

**2.—Record—Correction in Trial Court.**

The trial court had power, after the filing of transcript on appeal, to correct its record by striking out a statement of facts and bill of exceptions which had been altered after signing. (P. 590.)

**3.—Same—Bill of Exceptions.**

After the trial court had struck from the record a bill of exceptions because of alterations made therein after it was allowed, the Appellate Court could not consider it, rejecting only the alterations; the order striking it out was conclusive unless appealed from, at least where the proceedings on the motion did not show what part of the bill had been altered. (Pp. 590, 591.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Menard County.

Harris sued Stark for land and recovered. On defendant's appeal the judgment was reversed and cause remanded. Harris then obtained

writ of error on the ground that the ruling practically settled the case.

*Sidon Harris,* plaintiff in error, in *pro. per.*—Applicant's title depends solely upon his being an innocent purchaser, which wholly depends upon the question decided against him by the Court of Civil Appeals, which is, that the record of the deed from Fisher to Butler in Bexar County is constructive notice to him. Lee v. International & G. N. Ry. Co., 89 Texas, 589; Douglass v. Blount, 93 Texas, 501.

The lower court, in striking out the bills of exceptions because of material alterations made therein. by appellants or their attorney, after said bills were approved by the court, followed a practice well established by the courts of last resort of this State and of several of the other States. Wing v. Harris, 75 Ga., 236; Davis v. Bennett, 72 Ga., 766; Louisville & N. Ry. Co. v. Malone, 116 Ala., 605; Clark v. Thompson, 42 Texas, 130; Newman v. Dodson, 61 Texas, 97.

Every presumption is 'in favor of the trial court's "sound discretion" in its action pertaining to this matter. Baum v. The Corsicana Natl. Bank, 32 Texas Civ. App., 531; Maxson v. Jennings, 19 Texas Civ. App., 705; Blum v. Neilson, 59 Texas, 379; Baxter v. Coughlin, 80 Minn., 324.

The first duty of a court is to preserve the purity of its practice and the sanctity of its record. This is of more consequence than the private interests of any man or any number of men. Markham v. Huff, 72 Ga., 112, 113.

Can this court revise, or reverse the judgment of the trial court striking out the bills of exceptions, in the absence of an appeal, or writ of error from said judgment? The case of Wichita Valley Ry. Co. v. Peery, 88 Texas, 382, is clearly decisive of this question in the negative. I can add nothing to what is said, upon this point, in the argument for rehearing of the application for writ of error; or as to the effect of that decision. It is but the announcement of an elemental rule of practice. It is presented under different states of facts in several cases, namely: Mersey Docks & Harbor Board v. Penhallow, 7 H. & N., 339; Walker v. State, 102 Ind., 512, 513; Douglass v. Keehn, 71 Ind., 101, 102; Baxter v. Coughlin, 80 Minn., 324; Texas & N. O. Ry. Co. v. Walker, 87 S. W. Rep., 194; Ennis Mercantile Co. v. Wathen, 93 Texas, 625; See also 3 Am. & Eng. Enc. Law, 498; 17 Am. & Eng. Pl. & P., 928; 2 Cyc., 1079.

No matter how erroneous a judgment of this kind might be it can not be questioned in the absence of an appeal or writ of error. The court, having jurisdiction, has the power to decide the matter wrongly as well as rightly. 12 Am. & Eng. Pl. & P., 161-165, 197-199.

*Jno. E. Brown,* for defendants in error.

Mr. Justice Brown delivered the opinion of the court.

Sidon Harris sued Ennis Stark in the District Court of Menard

County to recover 640 acres of land, consisting of two surveys of 320 acres each, which was granted by the State of Texas to F. Selks. Stark impleaded his warrantors, Anna Mohr, Charles Mohr, Agnes Grandpre, Frank L. Nuse and Henry L. Nuse. The case was tried before the judge and resulted in a judgment for the plaintiff in error for the land. Appeal was taken, bills of exception prepared, signed and filed and a statement of facts made and approved by the judge who tried the case. After the transcript was filed in the Court of Civil Appeals Harris filed a motion in the District Court to strike out the statement of facts and bills of exception because they had been changed in material respects after they were signed and approved by the judge. Upon a hearing the district judge sustained the motion and struck out the bills of exception and statement of facts. The defendants did not resist the motion in the trial court but objected in the Court of Civil Appeals that the district judge had no authority to strike out the statement of facts and bills of exception. The Court of Civil Appeals sustained the ction of the district judge in striking out the statement of facts but held that the bills of exception could be considered by eliminating the portions which had been improperly inserted therein and considered the bill in disposing of the case.

The land was patented to Fisher in 1856 and he conveyed it to George Butler in 1859. The deed was recorded in Bexar County July 20, 1869, and was recorded in Menard County in 1906. Menard County was created out of the territory of Bexar in 1858 and was organized in 1870. Stark by mesne conveyances has the title which Butler acquired by the conveyance from Fisher. Fisher died intestate in 1867 and Harris claimed the land under conveyances from Fisher's heirs which were made before the deed from Fisher to Butler was recorded in Menard County in 1906. Stark offered in evidence the deed from Fisher to Butler which was objected to by Harris for several reasons and excluded by the court, to which ruling defendant took a bill of exceptions which was one of those stricken out by the district judge. The issue upon which the title of Harris depends is whether he was charged with notice by the record of the deed in Bexar County. The trial court held that the record in Bexar County was not notice and that Harris was an innocent purchaser for value without notice. The Court of Civil Appeals held that the record of the deed in Bexar County before Menard County was organized constituted notice to the purchaser who acquired title after the record of the deed in Bexar County. The judgment of the District Court was reversed and the cause remanded for trial and Harris applied to this court for a writ of error upon the ground that the decision of the Court of Civil Appeals practically settles the case.

Jurisdiction of this class of cases is conferred upon this court by the following article of the Revised Statutes:

"Art. 941. All causes shall be carried up to the Supreme Court by writs of error upon final judgment and not on judgments reversing and remanding causes except in the following cases, to wit:

"8. When the judgment of the Court of Civil Appeals reversing

a judgment practically settles the case, and this fact is shown in the petition for writ of error, and the attorneys for petitioners shall state that the decision of the Court of Civil Appeals practically settles the case, in which case, if the Supreme Court affirms the decision of the Court of Civil Appeals, it shall also render final judgment accordingly."

If this case should be again tried in the District Court upon the same evidence with the excluded deed admitted under the direction contained in the opinion of the Court of Civil Appeals, the result must necessarily be a judgment in favor of the appellant. Therefore the decision of the Court of Civil Appeals practically settles the case. The applicant for the writ of error states in the application that the decision of the Court of Civil Appeals practically settles the case. The requirements of the law are fully complied with by the applicant, therefore, this court has jurisdiction of the case and will proceed to consider such issues passed upon by the Court of Civil Appeals as may be necessary for a proper disposition of the case.

The first question that presents itself to us for consideration is, did the Court of Civil Appeals commit error in considering and acting upon appellant's bill of exceptions No. 1 as shown in the transcript. It does not require the citation of authority to sustain the proposition that the District Court had jurisdiction to correct the record of this case as made in that court notwithstanding 'the appeal had been perfected and the transcript filed in the Court of Civil Appeals. An examination of the motion to strike out the bill of exceptions No. 1, presented to the District Court, and the order of that court made upon that motion shows one of the grounds alleged in the motion to be as follows: "And said bill of exceptions has been altered as aforesaid in many other respects by blotting out and striking out a great deal of other matter which was specifically set out in the motion filed by the appellee and served on appellant's said attorney in open court on November 11, 1907." The original papers in the case were before the judge who heard and acted upon the motion. What evidence the court heard is not shown, and the Court of Civil Appeals had no means of ascertaining what was stricken out and blotted out from 'the bill of exceptions. It was impossible for the Court of Civil Appeals to know from its record what the district judge acted upon in granting the motion to strike the bill from the record. No appeal or writ of error was taken from the order of the trial court, nor was there any resistance offered by the appellant or his attorney to such action of the court, although it appears from the order of the court itself that the attorney of record for the appellant had notice in open court of the filing of the motion. The judgment of the trial court was conclusive upon the Court of Civil Appeals except upon appeal or writ of error. (Wichita Valley Ry. Co. v. Peery, 88 Texas, 378.) It follows that the case when submitted to the Court of Civil Appeals stood before it as if the bill of exceptions No. 1 had not been embraced in the transcript. The ruling of the trial court was not before the Court of Civil Appeals for review.

We conclude that the Court of Civil Appeals erred in considering

the bill of exceptions No. 1 and in reversing the judgment of the District Court. We find no error in the proceeding of the District Court which requires a reversal of the judgment of that court, therefore it is ordered that the judgment of the Court of Civil Appeals be reversed and the judgment of the District Court be affirmed.

*Reversed and judgment of District Court affirmed.*