### HOUSTON OIL CO. OF TEXAS v. POWELL, District Judge.

(Court of Civil Appeals of Texas. Galveston. Nov. 9, 1912.)

1. APPEAL AND ERROR (§ 655*)—RECORD—CORRECTION—JURISDICTION.

The district court has jurisdiction to correct on motion the record on appeal, by striking therefrom conclusions of fact and law not signed and filed within the time allowed by law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2823–2825; Dec. Dig. § 655.*]

2. MANDAMUS (§ 57*)—COMPELLING CORRECTION OF RECORD ON APPEAL—REMEDY.

Mandamus lies to compel the district court to correct the record on appeal, when necessary to have the error corrected.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 68, 114–120; Dec. Dig. § 57.*]

3. MANDAMUS (§ 16*)—COMPELLING CORRECTION OF RECORD ON APPEAL—REMEDY.

Where the record on appeal conclusively shows that the conclusions of fact and law were not filed within the statutory time, and that the indorsement of filing within the time was pursuant to an order of the court made under the belief of the existence of an agreement of the parties, mandamus does not lie to compel the district court to correct the record by striking therefrom the conclusions of fact and law.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 48, 59, 60; Dec. Dig. § 16.*]

Appeal from District Court, Sabine County; W. B. Powell, Judge.

Mandamus by the Houston Oil Company of Texas against W. B. Powell, District Judge, to compel the judge to hear and determine the question of the correctness of the record on appeal. Denied.

Hightower, Orgain & Butler and W. H. Davidson, all of Beaumont, for relator. J. S. Wheless, of Beaumont, for respondent.

REESE, J. The record on appeal in this case contains conclusions of fact and law signed by Hon. W. B. Powell, District Judge. The file mark of the district clerk shows that this paper was filed on April 6, 1912. The term of the court at which the case was tried adjourned March 28, 1912. Claiming that this paper was not in fact filed until after April 16, 1912, being after the expiration of the 10 days after adjournment of the court allowed by law, and that by order of the district judge the same was indorsed by the district clerk filed on April 6th, and should therefore be stricken from the record, appellant presented an application to the district judge, then holding a term of his court in Jasper county, setting out the facts as claimed by it, and praying that the record be corrected, and the document stricken from the record. The judge sustained a general demurrer by appellee to the application, holding that he had no jurisdiction, sitting in Jasper county, to hear and determine the question presented. Afterwards appellant presented another application to the district court of Sabine county, where the case was tried, to the same effect, and subsequently still another to the district judge, holding court in Newton county, in the same district, both of which the district judge refused to hear and determine, whereupon appellant presents to this court its application for a writ of mandamus, setting up the facts stated, and praying for a writ of mandamus requiring the respondent to hear and determine the question presented with regard to the date of the filing of the conclusions of fact and law in this cause.

[1] We have no doubt of the right of appellant to take this course to have the record corrected. That it is the only course, and certainly the proper course, has been settled by the decisions of the Supreme Court and Courts of Civil Appeals. Railway Co. v. Walker, 39 Tex. Civ. App. 53, 87 S. W. 194, citing cases; Harris v. Stark, 101 Tex. 587, 110 S. W. 737; Maxson v. Jennings, 19 Tex.

Civ. App. 700, 48 S. W. 781; Boggess v. Harris, 90 Tex. 476, 39 S. W. 565; Willis Bros. v. Smith, 90 Tex. 636, 40 S. W. 401.

[2] We think that a proceeding of this kind would have to be instituted in the court in which the case was tried, and if it were necessary, in order to have the error here alleged corrected, that it be done by such proceedings, the mandamus would be ordered.

[3] The record before us, however, consisting of the answer of respondent to this application for mandamus, the bill of exceptions approved by the respondent to his action upon the application presented to him in Jasper county, with the affidavit of appellee's counsel, a part of the record in that proceeding and incorporated in this application, in fact, contains the entire record, contains such indubitable proof that the conclusions of fact and law were not filed on the day shown by the indorsement of the clerk, but were in fact filed more than 10 days after the adjournment of the court, and that the date of filing was, by order of the judge to the district clerk, made to appear as of the 6th of April, in accordance with what he was led to believe was an agreement of counsel for both parties, that it appears to us that it would be altogether unnecessary to have the fact finally adjudicated by the court below. To do so would be a mere idle form, entailing an unnecessary consumption of time, labor, and expense, for no useful purpose. We have, in the record, substantially an admission of all parties that the conclusions were not in fact prepared or filed until more than 10 days after the adjournment, and that the filing was dated back by the clerk, by order of the judge, in accordance with a supposed agreement of counsel. Counsel for the parties are at serious issue as to such agreement, an issue which we do not pass upon, as it is unnecessary to do so in this proceeding.

In this state of the record, we must refuse the writ of mandamus; and it is so ordered.