## REDWINE et al. v. COLEMAN et al.

### No. 4456.

Court of Civil Appeals of Texas.   Texarkana.

April 18, 1934.

Rehearing Denied May 10, 1934.

Brachfield & Wolfe, of Henderson, for appellant.

R. M. Hutchins, of Tyler, V. M. Johnston and J. D. Pickett, both of Palestine, and Clifford L. Stone, of Henderson, for appellees.

JOHNSON, Chief Justice.

Appellee Bettie Coleman is the surviving wife of P. A. (Albert) Coleman, deceased. The other appellees are the children and grandchildren, sole heirs at law, of said P. A. Coleman. Appellees were the plaintiffs in the trial court. By their suit plaintiffs sought (1) to ingraft a parol trust in their favor upon a certain mineral conveyance, absolute in form, executed by said P. A. Coleman and wife, Bettie Coleman, to the appellant, Ras Redwine, dated March 8, 1922, indorsed, "Mineral Deed, From P. A. Coleman et ux to Ras Redwine, Trustee," filed for record January 15, 1930, and in terms purports to convey all the mineral in and under $758 \frac{29}{100}$ acres of land owned by said Colemans in Rusk county; (2) to set aside, on the grounds of alleged fraud, an instrument executed by Bettie Coleman to Ras Redwine on April 7, 1930, ratifying said mineral deed of March 8, 1922; (3) and to remove that portion of the minerals which had not been sold off under said deed by the alleged trustee, Ras Redwine. The Stanolind Oil & Gas Company was also made party defendant, and some of the plaintiffs sought to set aside an oil and gas lease which had been executed by them covering 320 acres of the land, which lease is now held by the Stanolind Oil & Gas Company.

To establish said trust plaintiffs alleged, in substance, that said 1922 mineral deed was executed under the sole consideration, purpose, and agreement, whereby said Ras Redwine promised and represented that he had and would procure a block of oil and gas leases from adjoining landowners, to be assigned to oil operators under a contract binding them to drill thereon for oil within a year; that, if the Colemans would execute to him an oil and gas lease, and said deed conveying the legal title to the minerals in and under their said lands, he would sell same, if he could, for their account, retaining his commission, and that, if a well was not drilled within a year, or if he had not sold their minerals within said time, or, alleged in the alternative, if he had not sold same within a reasonable time thereafter, he would surrender the conveyances and the undertaking would be ended. That a drilling contract was failed to be procured for said block acreage, and that the alleged trustee, Ras Redwine, accordingly returned to the several landowners their respective conveyances, and plaintiffs had labored under the belief that he had returned their said conveyance until he filed it for record January 15, 1930. That, after the

failure to procure the drilling contract, all parties recognized the termination and reversion of the conveyances; and that Ras Redwine did not repudiate the trust created in him by said 1922 mineral deed until January 15, 1930, when he filed it for record.

Ras Redwine claims that he procured the block of leases, failed to get the drilling contract, and promptly returned the leases, including the Coleman lease, in substance as alleged by plaintiffs, but that he purchased the title to the minerals conveyed to him by said mineral deed from the Colemans, and that this agreement with them with respect to said conveyance was subject to the condition only that, if and when the land should at any time thereafter be leased, the grantors would receive the bonus for the lease; and that this was the reason why he had not filed his deed for record until January 15, 1930, and was the reason why he had on subsequent occasions and prior to January 15, 1930, procured from and paid the Colemans for oil and gas leases for other parties on portions of the land, and has suffered them to execute leases to other parties on the land, without mentioning the title which he held to the minerals under the unrecorded deed.

The case was tried to a jury. The court instructed a verdict in favor of the Stanolind Oil & Gas Company. The case between plaintiffs and defendant Ras Redwine was submitted on special issues, in answer to which the jury found, in substance, the following facts:

That the defendant Ras Redwine, on or about March 8, 1922, represented to P. A. Coleman and Bettie Coleman that he was procuring mineral leases and deeds from the owners of lands in their locality for the purpose of incorporating them into a block to be leased to oil operators under a contract binding them to drill for oil; and, if they would execute a mineral deed conveying their minerals to him, he would hold same for said parties, and, if no well should be drilled within twelve months from the date of such conveyance, the same would be surrendered and the obligation between the parties ended.

That P. A. Coleman and Bettie Coleman relied upon said representations of Ras Redwine and were thereby induced to execute to him said mineral deed of March 8, 1922; and that but for such promises they would not have executed it.

That Ras Redwine paid no consideration for the deed; that it was not the intention of the grantors to thereby convey the beneficial interest in said minerals to Ras Redwine; and it was their intention that they were retaining the beneficial interest in the minerals; that it was not the intention of Ras Redwine at the time to hold the legal title to said minerals in trust for said grantors.

That no well was drilled on plaintiffs' lands or on any other lands in the said block within twelve months from the date of said deed; and that Ras Redwine did not surrender said deed to the Colemans.

That on or about April 7, 1930, Bettie Coleman executed and delivered to Ras Redwine a deed purporting to convey the minerals in and under said lands; that before she executed said deed Ras Redwine told her that he had title to all the minerals in and under said land; and that she and the other plaintiffs had no interest therein; that Bettie Coleman believed said representations, and was thereby induced to execute said purported deed of April 7, 1930, and that but for such representation she would not have executed it.

The findings of the jury are not without support in the evidence. Judgment was accordingly entered upon the instructed verdict in favor of the Stanolind Oil & Gas Company against plaintiffs; and upon the findings of the jury in favor of plaintiffs and against the defendant Ras Redwine for 7/16 undivided mineral interest remaining in and unsold by him under said 1922 deed, which judgment respected and declared valid the titles of the several holders of mineral interests previously conveyed from said lands by Ras Redwine. This appeal is by the defendant Ras Redwine.

Appellant's first proposition recites: "The court erred in refusing to instruct a verdict in favor of appellant, because the uncontradicted evidence and the pleadings of the plaintiffs show that, if appellees, plaintiffs in the court below, ever had a cause of action, that the same was barred by the four year Statute of Limitation."

■ We are not of the opinion that this contention of appellant can be sustained. Appellees' suit is not to cancel or set aside the deed under consideration, executed March 8, 1922, by P. A. Coleman and Bettie Coleman to Ras Redwine. It is an action to recover the land by ingrafting on the deed the alleged express trust. For appellees to show their alleged superior beneficial interest in or equitable title to the minerals, in the circumstances, did not require that they first set aside, cancel, or reform the deed by which the alleged trustee held the legal title for the benefit of plaintiffs.

Hence, it is held that the cause of action is not governed by the four years' statute of limitation (Rev. St. 1925, art. 5529), and that it is governed by the statutes of "Limitations of Actions for Lands" (Rev. St. 1925, arts. 5507, 5509, 5510, and art. 5519, amended by Acts 1927, c. 250, § 1 [Vernon's Ann. Civ. St. art. 5519]). Carl v. Settegast (Tex. Com. App.) 237 S. W. 238; Craig v. Harless, 33 Tex. Civ. App. 257, 76 S. W. 594; Bell County v. Felts (Tex. Civ. App.) 120 S. W. 1065, 1067; Stafford v. Stafford, 96 Tex. 106, 70 S. W. 75; Gilmore v. O'Neil, 107 Tex. 18, 173 S. W. 203; Tomahagen v. Sarber (Tex. Civ. App.) 29 S.W.(2d) 438; Spangler v. Spangler (Tex. Civ. App.) 26 S.W.(2d) 463.

By his second assignment appellant asserts that the court erred in allowing the testimony concerning the alleged oral trust under which the 1922 mineral deed was executed, contending that such was an attempt to vary the terms of a written instrument by parol evidence. That parol evidence is admissible to prove that a deed absolute in form was executed upon certain trusts, not reduced to writing, and which the grantee promised to perform, appears to be well settled by the decisions of our courts. James v. Fulcrod, 5 Tex. 512, 55 Am. Dec. 743; Mead v. Randolph, 8 Tex. 191; Miller v. Thatcher, 9 Tex. 482, 60 Am. Dec. 172; McClenny v. Floyd's Adm'r, 10 Tex. 159; Smith v. Strahan, 16 Tex. 314, 67 Am. Dec. 622; Bailey v. Harris, 19 Tex. 109; Leakey v. Gunter, 25 Tex. 400; Gibbs v. Penny, 43 Tex. 560; Clark v. Haney, 62 Tex. 511, 50 Am. Rep. 536; Smith v. Eckford (Tex. Sup.) 18 S. W. 210; O'Dell v. Rwy. Co., 4 Tex. Civ. App. 607, 22 S. W. 821; Jones v. Day, 40 Tex. Civ. App. 158, 88 S. W. 424; Sullivan v. Fant, 51 Tex. Civ. App. 6, 110 S. W. 507; Smalley v. Paine, 62 Tex. Civ. App. 52, 130 S. W. 739; Williams v. Neill (Tex. Civ. App.) 152 S. W. 693; Faville v. Robinson (Tex. Sup.) 227 S. W. 938; Carl v. Settegast (Tex. Com. App.) 237 S. W. 238; Id. (Tex. Civ. App.) 211 S. W. 506.

Appellant's third assignment of error recites: "The court erred in permitting J. D. Pickett, one of the attorneys for plaintiffs, in his closing argument to the jury, to make remarks outside of the record, and which was highly inflammatory and prejudicial to the rights of the defendant, Ras Redwine, same being fully set forth in bill of exceptions No. 20 and 26 and as shown in the 38th ground of the defendant, Ras Redwine's motion for new trial."

Appellees have objected to the consideration of this assignment, contending that "it is multifarious, indefinite, and incorporated by reference to bills of exception preserving two distinct proceedings." In Freeman v. Vetter, 61 Tex. Civ. App. 569, 128 S. W. 909, 130 S. W. 190, 191, it is said: "The ninth assignment of error refers to six bills of exception for language of counsel, but fails to indicate the language complained of, and will not be considered." Assignments of error complaining of two or more distinct rulings of the court have also been held insufficient in the following cases: Crain v. Huntington, 81 Tex. 614, 17 S. W. 243; Harrison Machine Works v. Templeton, 82 Tex. 443, 18 S. W. 601; Mitchell v. Mitchell, 84 Tex. 303, 19 S. W. 477; Cannon v. Cannon, 66 Tex. 682, 3 S. W. 36; International & G. N. Ry. Co. v. Boykin (Tex. Civ. App.) 85 S. W. 1163; McMath Co. v. Staten (Tex. Civ. App.) 60 S.W. (2d) 290. For reasons indicated below we have decided to consider the assignment. It appears from a supplemental transcript filed in the appeal that a hearing was had upon a motion of appellees in the trial court to correct the record by qualifying or striking therefrom certain bills of exceptions which had been approved by the trial judge and appearing in the original transcript filed in this court. Upon which hearing the trial judge struck appellant's bill of exception No. 20 from the record, and the same is not now to be considered by this court. Davis v. Wichita State Bank & Trust Co. (Tex. Civ. App.) 286 S. W. 584; Foty v. Rotchstein (Tex. Civ. App.) 50 S.W.(2d) 927; Neville v. Miller (Tex. Civ. App.) 171 S. W. 1109; Johnston v. Arrendale (Tex. Civ. App.) 71 S. W. 44; Harris v. Stark, 101 Tex. 587, 110 S. W. 737; St. Louis Southwestern Ry. Co. v. Campbell (Tex. Civ. App.) 34 S. W. 186; East Line & R. R. Ry. Co. v. Culberson, 72 Tex. 375, 10 S. W. 706, 3 L. R. A. 567, 13 Am. St. Rep. 805; Houston Oil Co. v. Powell (Tex. Civ. App.) 151 S. W. 887; Boggess v. Harris, 90 Tex. 476, 39 S. W. 565. And the trial court refused appellees' said motion in so far as it sought to strike or qualify appellant's bill of exception No. 26, which bill recites that upon the trial of the case the court overruled the appellant's objections and exceptions to the following statements of counsel for appellees in his closing argument to the jury: "The defendant, Ras Redwine, is the owner of great quantities of land, and these poor negroes have nothing. Why not give these negroes this land so they will have a little bit of the oil field?" At the hearing on the motion to have the bill qualified, the at-

torney charged with having made the statements testified that he used the language in substance as recited in the bill, but that he made it in reply to certain statements made to the jury out of the record by an attorney for the appellant charging appellees with being lazy, shiftless, and that they would not work. The testimony of appellees' attorney was in effect corroborated by the testimony of associate counsel. The attorney for appellant testified in effect that he did not remember having used the alleged language against appellees. The order of the trial judge refusing the motion to qualify the bill recites that appellees duly excepted thereto and gave notice of appeal to this court. The appeal has been perfected upon appellees' application to this court for writ of certiorari directed to the clerk of the trial court to perfect the transcript; thus the action of the trial judge in refusing appellees' motion to strike or qualify the bill is presented to this court for review. Harris v. Stark, 101 Tex. 587, 110 S. W. 737; Neville v. Miller (Tex. Civ. App.) 171 S. W. 1109; Wichita Valley Ry. Co. v. Peery, 88 Tex. 378, 31 S. W. 619; Davis v. Wichita State Bank & Trust Co. (Tex. Civ. App.) 286 S. W. 584; Houston Oil Co. v. Powell, District Judge (Tex. Civ. App.) 151 S. W. 887; Willis v. Smith, 90 Tex. 635, 40 S. W. 401. The evidence appears to support appellees' motion to qualify the bill in the particular mentioned, and no reason is given for the trial judge's refusal to so qualify it. However, that the statements made to the jury by appellees' attorney may have been made as a reply to the statements claimed to have been made by the attorney for appellant does not necessarily mean that they were permissible. So, in determining the matter, we have examined the entire record, and have come to the conclusion that the statements recited in the bill could not in the light of this record be held to constitute reversible error. The admitted evidence before the jury at the time showed that appellees owned undisputedly the surface and one-fourth the minerals (other than the minerals claimed by appellant) of more than 600 acres of East Texas oil lands. It seems that an appeal to poverty in behalf of appellees in the circumstances would fail to lightly move the sympathy or arouse the prejudice of a jury.

■ Under his fourth assignment of error appellant makes the contention that there was lack of necessary parties before the court, in that the record shows that there were parties, other than Ras Redwine, holding mineral interests in the land and which had not been made parties to the suit. After Redwine placed the 1922 mineral deed of record January 15, 1930, he sold certain undivided interests in the minerals on March 3, 1930, and on September 12, 1930; the holders of which interests were not made parties to this suit. Appellees recognized and confessed the validity of the titles of such holders and disclaimed as to their interests. Appellees sought to recover only the unsold interest remaining in the alleged trustee, Ras Redwine. In 47 C. J. § 182, p. 91, the rule in Texas with reference to necessary parties is stated thus: "In accordance with the policy of the law in this state to determine all issues in one proceeding so far as practicable all parties necessary for that purpose should be joined, and it is well settled that all persons materially interested in the subject-matter and object of the suit should be made parties, either as plaintiffs or defendants, and every person who will be directly affected by the judgment in the case is not only a proper party but is, in fact, a necessary party, either as plaintiff or defendant. Conversely, a person is not a necessary party defendant who has no interest in the subject matter or object of the action." See Bishop v. Sanford (Tex. Civ. App.) 35 S.W. (2d) 800, and authorities there cited. In the present case appellees were not seeking to set aside the 1922 deed through and under which such interest holders not made parties defendant held as assignees of the alleged trustee, Ras Redwine. Appellees sought to recover only the interest from Redwine which he had not sold under the 1922 deed, expressly recognizing the validity of the title to the interests which he had sold; hence such interest holders were not interested in or affected by this suit, and were not necessary parties.

We have carefully examined the record with respect to appellant's remaining assignment and do not find that any of them present error, and they are respectfully overruled.

The judgment of the trial court is affirmed.