### T. J. NEWMAN v. B. F. & M. R. DOTSON.

(Case No. 3710.)

1. CONSTRUCTION OF WILLS.— By the terms of a will devising property to an only child, who died before she arrived at the age of twenty-one years, leaving issue, it was provided that the executor named therein should have the possession, management and control of the property until the devisee arrived at the age of twenty-one years. The executor, after the death of the heir, claimed to be entitled to control the estate until the time when the heir would have been twenty-one years old had she lived. *Held*,

(1) It was the intention of the testator to give the executor the control of the heir's property during minority, and not longer.

(2) The minority of the heir ceased upon her marriage, and with it ceased the authority of the executor.

(3) The executor, after his adverse claim, was not a proper executor.

APPEAL from Washington. Tried below before the Hon. E. B. Turner.

*Breedlove & Ewing,* for appellant.

*Sayles & Bassett,* for appellees.

BONNER, ASSOCIATE JUSTICE.— Precedence was given to this case because it pertained to the administration of an estate. It involves the construction of the second and fifth clauses of the last will and testament of Mary Ann Shrimpf. The second clause of the will reads as follows:

" All the property that I may have and possess, be the same real, personal or mixed, or have in expectancy, at the time of my death, I hereby give and bequeath to my daughter, Mary Rebecca Shrimpf, to have and to hold and to use unto her, the said Mary Rebecca Shrimpf, for her sole use and benefit so long as she lives, and at her death I give and bequeath said property to her child or children, if any she may have, to have and to hold forever. But in the event that my said daughter dies without leaving surviving her a child or children, or dies before she becomes twenty-one years old, then I give and bequeath my entire estate of every description either in possession or in expectancy to my brother, T. J. Newman, to have and to hold forever for his sole use and benefit."

It is claimed by appellant Newman, that, as the daughter Mary Rebecca Shrimpf died before she arrived at the age of twenty-one years, although she left a child surviving, that the contingency had happened which entitled him to hold the property thereafter for his own sole use and benefit.

It is too plain for argument that this claim on the part of appellant is without legal foundation, to say nothing of its merits in a moral point of view.

The fifth clause of the will gave to appellant Newman the possession, management and control of the property until the daughter Mary Rebecca should have arrived at the age of twenty-one years; and that he apply the rents and profits thereof, or so much as he might deem sufficient, to her support and maintenance, and to the payment of the debts of the estate.

Appellant contends that, although the daughter married and died leaving issue, he is nevertheless entitled to the property until the time when the daughter would have arrived at this age.

This position is also untenable. It was the evident intention of

the testatrix to give to appellant, as her representative, this power during the minority of the daughter, but not longer. Under our statute her disability ceased with her marriage, and with it ceased the power given to appellant. Besides, at the death of the daughter the property vested absolutely into her surviving child, and as appellant set up in himself an adverse claim thereto, he ceased to be a proper party to control it for the benefit of the child, and particularly as he had not given bond and security. Judgment affirmed.

AFFIRMED.

[Opinion delivered May 16, 1882.]