COOK et al. v. HARDIN. (No. 7302.)

(Court of Civil Appeals of Texas. Dallas. Feb. 20, 1915.)

1. APPEAL AND ERROR ☜555 — RECORD — STATEMENT OF FACTS—BILLS OF EXCEPTION —SCOPE OF REVIEW.

Where the statement of facts and bills of exception were stricken from the record, assignments challenging the sufficiency of the evidence to sustain the verdict, or the propriety of the charge, cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2955; Dec. Dig. ☜555.]

2. LIMITATION OF ACTIONS ☜103 — LIMITATIONS—ACCRUAL OF RIGHT.

Plaintiff, who was defendant's grandmother, conveyed land to him to enable him to renew a loan and also upon the security of the land to borrow money which he needed to carry out another enterprise. Defendant agreed to reconvey the land whenever plaintiff desired it. Although frequently requested to reconvey, defendant put plaintiff off with one excuse after another for about four years. At the end of that time, plaintiff, having discovered that defendant had conveyed the land to another, sued to cancel her deed on the ground of fraud. Held, that the original conveyance created a resulting trust in favor of plaintiff, and the four years' statute of limitations (Rev. St. 1911, § 5690) applicable to suits to cancel deeds did not begin to run until plaintiff discovered defendant did not intend to comply with his agreement, and hence suit, having been brought within a few months after plaintiff's discovery of such fraud, was not barred.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 500, 506–510; Dec. Dig. ☜103.]

3. CANCELLATION OF INSTRUMENTS ☜4 — RIGHT TO CANCELLATION.

In such case, plaintiff was entitled to have her conveyance canceled on the ground of fraud.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. § 1; Dec. Dig. ☜4.]

4. LIMITATION OF ACTIONS ☜104—RUNNING OF STATUTE.

A fraudulent concealment of a cause of action takes the case out of the statute, and limitations do not begin to run until the discovery of the right of action.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 511–513; Dec. Dig. ☜104.]

Appeal from District Court, Kaufman County; F. L. Hawkins, Judge.

Action by Mrs. N. Ann Hardin against D. L. Cook and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Huffmaster & Huffmaster, of Kaufman, for appellants. C. M. Crumbaugh and Dashiell & Coon, all of Terrell, for appellee.

RASBURY, J. This suit was instituted November 16, 1912, and had for its purpose the cancellation of certain deeds to land and notes secured by liens thereon, and for other relief not material on this appeal. There was a trial by jury upon special issues. Upon verdict of the jury judgment was entered canceling the deeds and notes as prayed, from which this appeal is taken.

[1] There are a number of assignments of error contained in the brief, all however challenging the sufficiency of the evidence to sustain the finding of the jury, or the action of the court in giving its main charge or in giving or refusing to give special charges, to the consideration of any of which counsel for appellee objects, grounding such objections on the action of this court in heretofore striking from the record the statement of facts and bills of exceptions. The bills of exception and statement of facts having in fact been stricken from the record, the objections will necessarily be sustained. This leaves but one assignment for our consideration, that being the action of the court in overruling appellants' fourth special exception (which was preserved by proper order, and which is not dependent upon either the bills of exception or statement of facts), urging that the allegations of appellee's petition show that appellee was guilty of "laches and inattention to their supposed rights in failing to assert them within the time prescribed by the law of limitation," and are as a consequence barred from prosecuting such rights. This makes it necessary to state the facts upon which appellee's cause of action was based, as disclosed by her pleading, the essential parts of which, in our own language, are substantially as follows:

Being the owner of and in possession of certain lands in Kaufman county on September 8, 1905, appellee was approached by appellant D. L. Cook, her grandson, who informed her that he was in need of $800 with which to improve lands he owned and was unable to secure same and requested appellee to permit him the use of appellee's land for that purpose, explaining that he could borrow the money upon her land and at the same time renew and extend an indebtedness then existing against the same and in time repay the money obtained for his own use. Appellee directed appellant to ascertain if his mother, appellee's daughter and one of the appellants herein, approved the plan. Later appellant returned and said his mother did approve. Appellee then told appellant he might have the use of her land for such purpose on condition that appellant would repay the amount borrowed thereon for his use, or, failing so to do, such amount should be a charge against the expectant interest of his mother in the land. Thereupon appellant informed appellee that in order for him to borrow money on the land it would be necessary for appellee to deed same to him, in order that he might in turn execute deed of trust thereon for the sum he desired. Appellee executed the deed on condition that appellant would return her the land whenever she desired it, said deed reciting the payment by appellant of $8,650 cash and the assumption of said $1,350 note. In truth, no consideration whatever was paid to appellee. Upon various occasions after conveying said land to appellant D. L. Cook, appellee requested him to reconvey same to her, but appellant would make excuses for not doing so, upon which appellee relied, thus deferring the matter but promising from time to time to do so, such promises being both oral and in writing, the last promise of appellant having been by letter written in the spring of 1912. In September or October of said year appellee discovered for the first time that appellant did not intend to reconvey the land and had been deceiving her in that respect. Whereupon she had an abstract of the title to her lands made, and discovered that appellant had placed another mortgage on the land increasing the incumbrance to $3,500, and had in October, 1912, conveyed the land to Maggie Ayres Porter (one of the defendants below), in consideration of $1 cash and $10,000 in notes, said Maggie Ayres Porter having in turn conveyed the land to Mrs. M. E. Cook, appellant's mother and appellee's daughter, in consideration of $1 cash and the assumption of the debt against same. At the time appellant induced appellee to deed said land to him for the use aforesaid, he did not intend to reconvey same to her, all his representations in that respect made at the time of said conveyance being false and fraudulently made for the purpose of cheating and defrauding appellee and acquiring said land for himself. Appellee had great love for and confidence in appellant, her grandson, and consulted him with relation to her business affairs and permitted him to sign her name to bank checks withdrawing her moneys, and continued to repose great confidence in him until she became suspicious of his continued failure to observe his promise to reconvey the said land, and discovered as aforesaid in the year 1912, by examination of the records, that he was attempting to claim her land. Because of her confidence in her daughter, with whom she resided, and her grandson, and by reason of their undue influence over her, and her physical and mental weakness, and her ignorance of business matters and the manner of conveying land, and because she did not know or have made known to her the contents of said deed, she did not know she was irrevocably deeding same away, and did not intend to do so, but, on the contrary, believed she was only taking such steps as were necessary to enable appellant, her

grandson, to borrow the amount of money he desired and renew the loan then upon the land. Appellee had been in possession and control of the land since 1856, actually occupying same until 1890, and after that time in actual control and possession thereof, collecting all rents thereon and depositing same in her name, without interference from appellants, either in the use or the control thereof. The deed from appellee to Maggie Ayres Porter and the one from the latter to M. E. Cook, appellee's daughter, as well as the consideration therein recited, were simulated and false and part of the scheme or plan to cheat and defraud her out of said lands. The prayer was that the deeds and notes be canceled and for other relief not material on this appeal.

[2] The contention of appellant is that the facts related disclose that appellee's right to maintain the suit is barred. The suit being one to cancel deeds, etc., for fraud is controlled by article 5690, R. S. 1911, and is barred unless brought within four years next after the right to bring the same shall have accrued, and the pertinent inquiry is: When did appellee's cause of action under the facts accrue? In that connection it is important to determine the status of the parties under the facts when the deed passed. We think it clear that the facts stated show that it was not intended by the deed from appellee to appellant to pass title, but to create a trust for the benefit of appellant and appellee, and that that was the result of the transfer. Appellant was a beneficiary of the trust so created to the extent that he was authorized to use the land in securing the payment of the $800 it was agreed he could borrow, and appellee a beneficiary to the extent that she was entitled to a return of the land when its use by the trustee had been completed. Such was the legal status of the parties under the alleged facts at the time appellee deeded the land to appellant. Such status continued until appellant repudiated the trust relation or did or said that which in law would have amounted to a repudiation of the relation. Rice v. Ward, 92 Tex. 704, 51 S. W. 844. The act of appellant in deeding the land to Maggie Ayres Porter, and securing her in turn to deed same to appellant's mother, was beyond doubt a repudiation in law of the trust, and set in motion the statute of limitation whenever the facts became known to appellee. These acts, however, occurred during the same year in which the suit was filed and were ineffective to bar the suit, since the period of time necessary to bar the cause of action had not elapsed. The fact that appellee requested appellant to reconvey the land on several occasions, and that he failed to do so, and that more than four years elapsed after such promises were made before suit was filed, is, under the alleged facts, insufficient to show repudiation as matter of law. On each occasion when requested to reconvey appellant would, according to the allegations of the petition, excuse himself for not doing so, meaning, in the ordinary acceptation of the term, justification or apology for not doing that which he in effect acknowledged he was bound in law to do, coupled with a promise to do so later. Such allegations are insufficient to show repudiation in law, since they in no respect imported notice or knowledge of repudiation, but were calculated rather to conceal any formed intention of renunciation. The only other alleged fact urged as constituting repudiation is the execution by appellant of the second mortgage upon the lands. Even if such fact established repudiation, the petition fails to show affirmatively that appellee had knowledge thereof four years next before the accrual of her cause of action and that as a consequence the cause was barred.

[3, 4] We also conclude, having in mind at all times that we are considering the cause from the standpoint of the sufficiency of the facts alleged in the petition, that the petition states a cause of action, and that it is not barred by the four years' statute, on the theory that appellant at the time he secured appellee to convey him the land in trust did so with the design and purpose of cheating and deceiving appellee and had no intention at that time of ever reconveying the land, but that the promise to do so was made in order to induce appellee to execute the deed. Such acts and promises, coupled with the subsequent failure to reconvey, constituted such fraud as entitled appellee to rescission. Chicago, Tex. & Mex. Cen. Ry. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39. The alleged facts will sustain also the claim that appellant's intention was fraudulently concealed from appellee, and that appellee only discovered appellant's intention in reference to the trust in the year 1912. The rule of law is that the fraudulent concealment of plaintiff's cause of action takes the case out of the bar of the statute, and limitation commences to run from the time of the discovery of the fraudulent intent, subject to the limitation that the failure to discover the fraud is not attributable to the neglect of the plaintiff, which is not shown by the petition. Texas & Pacific Ry. Co. v. Gay et al., 86 Tex. 571, 26 S. W. 599, 25 L. R. A. 52, and cases cited.

For the reasons stated, the judgment is affirmed.