NUCKOLS et al. v. STANGER. (No. 5452.)

(Court of Civil Appeals of Texas. San Antonio. April 28, 1915.)

LIMITATION OF ACTIONS ⬥19—STATUTE APPLICABLE—LAND.

Where the probate court in 1883 granted an order for the sale of land to pay off a vendor's lien and the expenses of administration, and the land was sold and conveyed by deed dated July 19, 1883, and the grantee on May 9, 1892, conveyed the land to defendant, who had been the administrator, and defendant, with plaintiff's knowledge that he had repudiated any trust in 1892, thereafter held it adversely to every one, paid the taxes, and exercised all rights of adverse ownership, plaintiff's action to set aside the sale or to declare that one-third of the land was held by defendant in trust for her as a surviving sister of the intestate, not brought until 1910, was barred by the statute of limitations of five and ten years.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 73–85; Dec. Dig. ⬥19.]

Appeal from District Court, Brazoria County; Samuel J. Styles, Judge.

Action by F. E. Nuckols and husband against R. H. Stanger. Judgment for defendant, and plaintiffs appeal. Affirmed.

See, also, 153 S. W. 931.

Masterson & Rucks, of Angleton, for appellants. Wilson & Follett, of Angleton, for appellee.

FLY, C. J. This is a suit to set aside the sale by the probate court of 200 acres of land, being 5 lots out of the George Harrison league in Brazoria county, instituted by F. E. Nuckols, joined by her husband, M. L. Nuckols. Mrs. Nuckols claimed the land as an heir of her brother R. S. Stanger, deceased, and her sister Kate Stanger, deceased. She asked, in the alternative, if the orders of the probate court were not set aside, that the court declare that one-third of the 200 acres of land was held in trust for her by appellee. Appellee pleaded limitations of four, five, and ten years. A verdict was instructed for appellee.

R. S. Stanger died in 1882, leaving surviving him one brother, appellee, and three sisters, Mrs. Nuckols, Mrs. Delaney and Miss Kate Stanger. The last named died in 1885. Appellee qualified as the administrator of the estate of his deceased brother, and on May 30, 1883, the county court of Brazoria county granted an order of sale of the 200 acres of land in controversy to pay off a vendor's lien thereon, as well as expenses of administration. By virtue of that sale appellee, as administrator, sold the land to his brother-in-law, Edward Delaney, and, after the sale was duly confirmed by the court, executed a deed to said Delaney to said land. The date of the deed was July 19, 1883, and it was filed for record on that date, and was duly recorded. On May 9, 1892, Edward Delaney conveyed the land to appellee, and on January 5, 1894, Edward Delaney and his wife, Mary Delaney, conveyed the land to appellee. Both deeds were filed for record on their respective dates. When the land was sold to Delaney by the administrator Mrs. Nuckols was a feme sole over 21 years old. She married in 1886. On May 18, 1883, in the suit of James C. McNeill and Edward Delaney, intervener, against R. H. Stanger, administrator, in the district court of Brazoria county, a judgment for $2,699 was rendered against the administrator, and a vendor's lien foreclosed, and the judgment was certified to the county court for observance. All his interest in that judgment was transferred by McNeill to Delaney. The evidence showed a bona fide sale of the land to pay off the indebtedness of the estate.

The evidence showed that for nine years Delaney was in adverse possession of the land, paying taxes and using and enjoying it; that he then sold it to appellee, who immediately went into possession of it and used and enjoyed and paid the taxes up to 1910, when this suit was instituted. Appellants must have known that, if appellee was at any time holding the land in trust, he had repudiated the trust in 1892; for at that time they sued him for the land, and afterwards dismissed the suit. M. L. Nuckols did not testify that he dismissed the suit because appellee represented to him that he recognized the claim of Mrs. Nuckols, and admitted that he was holding the land in trust for her, but stated that appellee told him that he (appellee) did not intend to beat Nuckols out of anything. He also told appellants that, if they would pay off the debts on the land, they might have it. Nothing appellee said to Mrs. Nuckols indicated that he was holding the land in trust for her. If it be true that appellee, by devious methods, obtained a conveyance of the land to himself, he never at any time admitted that he was holding it in trust for any one. Delaney claimed it as his for nearly ten years, and when appellee succeeded him in the possession of the land he held it adversely to every one. He paid the taxes and exercised all the rights of adverse ownership over the land. If there ever was any trust, it was openly repudiated, and appellants knew it. We hold that the evidence

showed that they were barred by the statutes of limitations of five and ten years, and there was no issue of fact to go to the jury.

The judgment is affirmed.

---

⟨⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes