### SPANGLER et al. v. SPANGLER.
### No. 1275—5729.

Commission of Appeals of Texas, Section B.
July 22, 1931.

Ward & Ward and J. E. Walton, all of Houston, for plaintiffs in error.

Baker, Botts, Parker & Garwood, S. H. German, and C. L. Carter, all of Houston, for defendant in error.

SHORT, P. J.

There are two applications in this case, one by the original plaintiffs, Frank Spangler and S. H. Spangler, brothers of Harry Spangler, deceased, and the other by Sallie F. Spangler, who is the original defendant. For convenience we will speak of these people in their original relations as plaintiffs and defendant.

The plaintiffs, in their petition, claimed to be the owners in fee simple of an undivided two-thirds interest in 426.66 acres of the Phillip Thompson survey of 640 acres situated in Harris county. An undivided two-thirds interest of the 640 acres of the Phillip Thompson survey, on August 31, 1923, was conveyed by Chas. Peterson, the then owner thereof, by warranty deed to Sallie F. Spangler, who was the then wife of Harry Spangler. On February 2, 1894, there was a partition deed executed by the parties, whereby this particular land was partitioned to Sallie F. Spangler, as a part of her separate estate; the original deed having this recitation also. However, the plaintiffs claim that all of the purchase money of this land was paid out of the partnership funds of the three brothers in equal proportions, in consequence of which the three brothers became the real owners of the land, and after the death of Harry Spangler the land then became the property of his widow, the defendant Sallie F. Spangler, she having acquired the interest of her husband under his will, and themselves, in equal portions. Sallie F. Spangler denied this and asserted ownership in all of the land.

The case was tried in one of the district courts of Harris county to a jury, who answered certain special issues, upon which the district court rendered a judgment in favor of the plaintiffs for a portion of the land, impressed, however, with a lien for the proportionate share of the taxes which the defendant had paid; it appearing that she had paid taxes amounting approximately to $3,500, while the plaintiffs had paid no taxes. The suit was filed November 15, 1927, the case having been tried upon the plaintiff's second amended petition, filed February 1, 1929. The defendant appealed from this judgment, and the Court of Civil Appeals at Beaumont modified the judgment of the district court and as modified affirmed it. 26 S.W.(2d) 463.

The facts found by the jury, as construed by the Court of Civil Appeals, which construction we approve, together with certain other undisputed facts, are to the effect that the three Spangler brothers owned a cattle ranch in Wilbarger county, Tex., previous to the date of the deed to the Harris county land, and that the ranch business, for various and sundry reasons, had proved a financial failure, and the three brothers ceased to operate it, placing five several tracts of land, in each of which the partnership owned an equity, in the name of the several brothers for the purpose of enabling the brothers, so holding the land, to dispose of them more conveniently and pay off the partnership's debts. Three of these five tracts of land had originally belonged to the public school fund, but had been purchased under the law then in force, and a part of the purchase money paid. The other two were lands originally belonging to a railroad company. Sections 8, 12, and 18 were put in the name of Harry Spangler, while the other two sections were placed in the name of the other brothers, respectively. It seems that these brothers had transferred each of these sections to their respective wives, and that Harry Spangler conveyed sections 8 and 12 to his wife, the defendant here, who afterwards disposed of them for the benefit of the partnership. However, these sections are not directly involved in this suit. It is only section 18 which is involved. This section 18 seems to have remained in the name of Harry Spangler, and Harry Spangler conveyed it to the original owner of the land involved in this case, as a part of the purchase money. The plaintiffs contend that this section 18 was partnership property and the jury so found. The defendant claims that it was not partnership property, but belonged to her husband, who, in conveying it to Peterson, in part satisfaction of what Peterson was to receive for the land he conveyed to the defendant, made the Harris county land a part of her separate estate. The defendant also claims that she paid Peterson in money out of her separate funds for the lands, $786.67, and afterwards paid, out of her separate funds, a certain vendor's lien note, which Peterson owed and the payment of which she assumed, amounting to $533.33, aggregating $1,320. However, the jury having found that section 18 was partnership property, belonging equally to the three brothers, and it also having found that the value of this equity of the three brothers in this section was $248.22⅓, two-thirds of which value belonged to the plaintiffs, it necessarily follows that Peterson received, for his land, in cash, or its equivalent, $1,568.22⅓, of which the plaintiffs paid two-thirds of $248.22⅓, which is $168.48. Such being the respective sums paid by the respective parties, the lands then became partnership property owned by the three brothers, who had contributed $248.22⅓ in the aggregate upon the one hand, and by the defendant, as a part of her separate estate, who had contributed the remainder of the purchase money, on the other hand. This partnership interest in this land continued, according to the record, until the death of Harry Spangler, which occurred in March, 1902, when his interest descended and vested in his wife, Sallie F. Spangler. Then the partnership interest in the land continued, after the death of the husband of the defendant, with only this change in the interest occasioned by the death of Harry Spangler.

The Court of Civil Appeals in its judgment found these facts, briefly above related, and rendered a judgment substantially in accord

therewith, adjudging to the plaintiffs an interest of 46.2 acres in the land sued for, and charged this interest with the amount of taxes, which the defendant had paid thereon; the exact amount not being stated in the opinion. However, there seems to have been no controversy about the amount of taxes which the defendant had paid on all the land, and the amount due, by the plaintiffs, for taxes paid by the defendant on the land adjudged to the plaintiffs, is easily to be ascertained. The case was tried without regard to this question, and the respective rights of the parties, to the land involved, were based upon the respective theories of the parties. The plaintiffs claim that since the recitations in the deed by Peterson to Mrs. Spangler were to the effect that section 18 was valued at $6 an acre, aggregating $3,840, the interest of the original partnership, composed of the three Spangler brothers, in the Peterson land, was necessarily valued at that amount. According to their contention they put in $2,560, while Harry Spangler put in $1,280. As heretofore stated, the theory of Mrs. Spangler is that section 18 belonged to her husband, individually, and that the balance of the purchase money was paid out of her separate funds, in consequence of which all of the land, conveyed by Peterson to her, belonged to her individually, and was a part of her separate estate, as the deed declared.

As we have seen, according to the findings of fact by the jury, as construed by the Court of Civil Appeals, the theory of neither party was completely sustained. The equity of the three Spangler brothers, in section 18, did not have the value of $3,840, but only had a value of $248.22⅓. However, the three brothers did own this equity, thus valued, in this section, and as Harry Spangler conveyed it to Peterson, in part payment of the land which Peterson conveyed to Harry Spangler's wife, it necessarily follows that the three brothers acquired an interest in the land which Peterson conveyed to Sallie F. Spangler, as a part of her separate estate, in the proportion that the funds of the partnership bore to the funds furnished by the defendant out of her separate estate. The rights of the parties having been thus fixed, and the testimony showing that these rights have continued, up to the present time, subject to the right of Sallie F. Spangler to be recompensed for the taxes which she had paid on the land belonging to the plaintiffs, it is the duty of the courts to so declare. The Court of Civil Appeals has reached a correct conclusion, except that it has adjudged to the plaintiffs 46.2 acres when, according to mathematical calculations, easily demonstrable, this amount of land should be reduced to 45 acres.

■ The first assignment of error presented by the plaintiffs challenges the correctness of the holding of the Court of Civil Appeals that the market value of section 18 was the basis of fixing the interest of the plaintiffs in the land conveyed to defendant, and that the court erred in not holding that the agreed valuation of section 18, and the Harris county land, was the proper basis upon which to fix the interest of the plaintiffs. We overrule this assignment. Had there been an exchange of land between Peterson on the one part, and the Spangler brothers upon the other, whereby the Spangler brothers received from Peterson, in full satisfaction of what Peterson agreed to pay them for the Wilbarger county land, belonging to Spangler brothers, then the proposition advanced by the plaintiffs would be a correct one. In that situation, the parties would have the right to agree that the lands exchanged should be given a certain value, though, of course,. this designated value might not be what the lands were really worth on the market. While in fact the real valuation of the lands would be in dollars and cents per acre, yet the agreed valuation would be a matter within the discretion of the parties, since there was no money to be paid by either. If we should assume as correct, the theory of the plaintiffs, that the Wilbarger county land was exchanged for the Harris county land, and ignore the facts which the jury found, and also the undisputed facts, then the assignment could be sustained. But the recitations in the deed, from Peterson to the defendant, are not in harmony with the pleadings of the plaintiffs, and the facts found to exist, in support of those pleadings, since it appears that there were 426.66 acres of the Harris county land, which was valued at $12 an acre, and 640 acres of the Wilbarger county land, which was valued at $6.00 an acre, and this shows that Peterson must have received some money from some one in addition to the assumption of the debt amounting to $533.33, which, according to Peterson's deed, Mrs. Spangler assumed to pay, and which the testimony shows she did pay. Assuming the testimony to be true, and the jury so found, Mrs. Spangler invested in this land, out of her separate estate, $786.67, and assumed to pay a debt of $533.33, which she afterwards paid. She having done this, and the partnership of Spangler brothers having paid the remainder of the purchase money, in the form of an equity in a tract of land owned by the partnership, due on the Harris county land, in order to determine the amount of the respective interests therein, it was necessarily incumbent upon the trial court to translate this equity owned by this partnership in land into dollars and cents, as Mrs. Spangler contributed money to the purchase of the Harris county land, since the dollar is a monetary unit of value in this country. So the court very properly asked the jury to determine what this value of this equity in this land, owned by this partnership, was in dollars and cents. The partnership having been composed of three persons, each owning an equal share in the equity, the an-

swer of the jury as to the value of this equity could have meant nothing save that it was the value of the equity of all of the partners. The Court of Civil Appeals so construed this answer, and we have no doubt that the construction is a proper one. This question was raised by the second assignment of the plaintiffs, and we overrule this assignment also. The third assignment presented by the plaintiffs challenges the holding of the Court of Civil Appeals that section 18 could not legally be held in trust by Harry Spangler for his brothers, under the facts of this case. We sustain this assignment.

Section 18 was purchased by Mrs. Christiana Wemple May 21, 1885, and was therefore purchased under the act of April 1883. The section was sold by her to Marshall & Kerr on June 28, 1889, and by them to S. H. Spangler December 3, 1887, and by him to Frank Spangler December 15, 1890, and by Frank Spangler to Harry Spangler on July 20, 1892.

■ The Court of Civil Appeals bases its holding on this question upon an opinion of the same court in Houston Oil Co. v. Votaw, 184 S.W. 647, in which a writ of error was refused by the Supreme Court. The opinion in that case was based upon the act of 1895 (Acts 24th Leg. c. 47), as amended by an Act of May 19, 1897 (Acts 25th Leg. c. 129), the provisions of which radically differ from those of the Act of April 12, 1883 (Acts 18th Leg. c. 88). The law in force at the time the decision in the case of Houston Oil Co. v. Votaw was rendered, required an applicant to purchase school lands, to make an affidavit that no other person was interested with him in the transaction, while the Act of April 12, 1883, in force at the time Mrs. Wemple purchased section 18, did not require her to make any such statement in her affidavit. The Court of Civil Appeals having relied exclusively upon Houston Oil Co. v. Votaw, in reaching the conclusion it did, and it appearing that the holding in that case is not applicable to the facts in this case, and as we have found no other authority in support of this holding, we hold that the Court of Civil Appeals erred in this respect, and we therefore sustain this assignment. However, as had been seen, this error of the Court of Civil Appeals does not materially affect the conclusion finally reached by that court, since the court found, as a fact, that there was a new agreement, which recognized the trust relation of the respective parties thereto, to trade section 18 for the Harris county land and that the title to the Harris county land should be taken in the name of Sallie F. Spangler, and held by her in trust for the partnership, to the extent of the market value of the equity which the partnership had therein. According to the facts found by the jury, and those which are undisputed, the owner of the Harris county lands received therefor, in dollars and cents, the sum of $1,320, a part of the separate estate of the defendant, and in addition thereto, an equity in section 18, which equity had a market value, in dollars and cents, of $248.22⅓, belonging to the partnership of Spangler Brothers, aggregating $1,568.22⅓. While the conveyance to the Harris county land was taken in the name of the defendant, yet in truth and in fact she agreed, in accepting this conveyance, to hold in trust for the three brothers, so much of the land as was represented by the value in money of what was furnished by them, and, of course, to hold the remainder in her own right. This was an express trust, according to the findings of fact, which had been completely created, and the rights of the beneficiaries had become thereby vested, and there is no testimony even tending to show that this trust had been in the least changed, altered, or modified by any of the parties, and remains intact up to the present time. The record further shows that this Harris county land had not produced any income, and that the defendant has not received therefrom any profit. Upon the contrary, it has been a burden to her, which burden, up to the present time, she has borne alone. Hix v. Armstrong, 101 Tex. 271, 106 S. W. 317; Perry on Trusts, vol. 1 (6th Ed.) par. 128; 39 Cyc. 92.

We do not find it necessary to discuss the assignments of error presented by the defendant. The disposition we have made of the questions, presented by them, are indicated by what we have already said in disposing of the assignments of error presented by the plaintiffs. This is especially true, in view of the fact that the opinion of the Court of Civil Appeals has very elaborately discussed all material questions presented by both applications, and with the exception of the one error, which we have discussed, we are convinced that the opinion of the Court of Civil Appeals correctly disposes of all the questions presented by both applications, with the additional exception, also noted, that in the judgment rendered by the Court of Civil Appeals the plaintiffs were erroneously awarded a recovery of 46.2 acres of land, whereas they were only entitled to recover 45 acres.

We recommend that the judgment of the Court of Civil Appeals be modified so as to adjudge to the plaintiffs against the defendant an undivided interest of 45 acres in the 276.66 acres described in the plaintiff's petition, and not 46.2 acres, and that as modified the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reformed, and as reformed are affirmed, as recommended by the Commission of Appeals.