### HALL et al. v. RAWLS.
#### No. 4285.

Court of Civil Appeals of Texas. Beaumont.
June 21, 1945.

Rehearing Denied July 11, 1945.

**808**

See also 141 Tex. 235, 171 S.W.2d 324.

E. B. Pickett, Jr., of Liberty, for appellants.

W. J. Kronzer, Fred W. Moore, and Blades, Chiles, Moore & Kennerly, all of Houston, and Horace D. Grogan, of Conroe, for appellee.

WALKER, Justice.

Appellee brought this action on August 7, 1944, as plaintiff, to recover title to and possession of Lot 9, Block 5, of the Edwards Subdivision of the Town of Cleveland, in Liberty County, Texas, and for other relief. The trial court entered judgment in behalf of plaintiff for title and possession, as prayed for, and for $480 as damages, the rental value of the property during the two years next preceding commencement of this suit. All defendants have appealed.

The matters assigned as error require a statement of plaintiff's cause of action, as pleaded and as proved, and of the particular defense thereto which is before us.

The petition commences with the formal allegations of trespass to try title, but plaintiff also specially plead the facts on which she based her prayer for relief. In substance, she alleged an express trust, which had expired, and also alleged such fraud on the part of defendants from the inception of the trust agreement, by way of procuring such agreement to be made, and otherwise, as indicates an intention to charge a constructive trust upon the title within the doctrine of Hall v. Miller, Tex. Civ.App., 147 S.W.2d 266, and similar decisions. We omit the allegations of fraud because they are not material. There was some supplemental pleading but it is also immaterial. Otherwise plaintiff alleged that about August 19, 1935, she executed and delivered to the defendant Wisdom a general warranty deed purporting to convey to him the property referred to above; that she was then the owner of said property and desired to erect a house thereon, and this conveyance was made under and by virtue of an agreement between plaintiff and said defendant (the pleading does not show whether this agreement was written or in parol) whereby said defendant promised and agreed to erect a house on the property as desired by the plaintiff, in consideration of the use of said property, thus improved, until December 29, 1938, and further promised and agreed to reconvey said property, as improved but unencumbered, to plaintiff on that date; that the deed of August 19, 1935, was not intended to convey to said defendant the absolute title to said land, but was only intended to vest him, in substance, with such title as would enable him to procure a loan and finance the erec-

tion of the house, and said deed was so made and delivered, for that purpose, at his request and on his representations that same was necessary to the performance of his agreement to erect the house, and that such title as he took under the deed of August 19, 1935, he took in trust for the purpose stated. It was shown that Wisdom gave plaintiff his note for $1,150, which was not to be paid but was to be surrendered on Wisdom's reconveyance, but these allegations need not be gone into here. Plaintiff alleged that Wisdom erected the house; and if she alleged the creation of a lien to secure payment of the cost of the house, she also alleged a payment of the debt secured thereby. Plaintiff also alleged that said defendant had the use of the property, as agreed, until about April 27, 1938, but that about said date, in violation of his agreement, he and his wife conveyed the property to the defendant Hall, who gave in part payment his note for $900, secured by Vendor's lien on the property; that Hall took this conveyance with notice of the trust, or else with knowledge of such matters as charged him with notice of said trust, and that such title as was thereby conveyed to the defendant Hall was taken and is held by him in trust for the plaintiff. She effectively alleged a repudiation of the trust by Hall and the assertion by him of title in his own behalf.

Plaintiff's prayer for judgment is material, and we quote it in full, as follows: "Wherefore Plaintiff prays that Defendants be duly cited to appear and answer herein, and that upon a hearing hereof she have judgment against the defendants, each and all of them, for the title and possession of said real property first above described, free and clear of all claims of every nature by Defendants; that said deed from Wisdom and wife to Hall and any and all other instruments or documents executed by Hall attempting to encumber or convey said property or any part thereof to be cancelled and held null and void; that Plaintiff recover damages of and from said Defendants, jointly and severally, in the sum of $7,000.00, together with costs of suit, and that Plaintiff be granted such other and further relief, both special and general, in law and in equity, to which she may be justly entitled in view of the premises."

Defendants pleaded various matters in defense, but the merits of this appeal rest upon only one, namely, the four year statute of limitations, Art. 5529, R.S.1925, which defendants presented to the trial court by exception to the petition and also by motion for instructed verdict.

Creation of an express trust, substantially as alleged by plaintiff, and the expiration thereof prior to the commencement of this suit were established, either by the findings of the jury or by the evidence as a matter of law. Plaintiff did not submit her allegations of fraud to the jury; the evidence does not establish such allegations as a matter of law, and the only fraud before us on the facts consists in such fraud as is evidenced by Wisdom's violation of his promise to reconvey, and by Hall's assertion of title under his deed from Wisdom, knowing, as the jury found, when he took it that plaintiff claimed to own the land. We have not considered what relief to plaintiff such fraud would support. The facts respecting an express trust, established by the verdict and the evidence as stated, are these: Plaintiff owned the property in question and desired to erect a house upon it. In order to get the house erected, she made a parol agreement with defendant Wisdom, on or about August 19, 1935, which is hereafter set out, and it is sufficiently clear that under and by virtue of said agreement she executed and delivered to said defendant a general warranty deed, dated August 19, 1935, and filed for record the next day, conveying to said defendant the property in question. This deed recited a consideration of $750 paid. This recital was formal; nothing was in fact paid; nothing was intended to be paid, and it is abundantly clear from the record that nothing has yet been paid to the plaintiff for her property. At the same time and as a part of the same transaction, Wisdom executed and delivered to plaintiff his promissory note for $1150, also dated August 19, 1935, due and payable three years, four months and ten days after date. Computation shows that the due date fell on December 29, 1938. This note was not intended to be paid and has not been paid, in whole or in part. It was intended as, and constituted, security to plaintiff for Wisdom's performance of his agreement, and was formally tendered to defendants on the trial below.

Under the agreement referred to, the defendant Wisdom promised to erect the house on the property, as desired by plaintiff, at his own cost, and such of the terms

of said agreement as were in dispute were submitted to the jury. In answer to Issue 1, the jury found in favor of plaintiff's version, namely, that the defendant Wisdom agreed with plaintiff at the time and prior to the execution and delivery by plaintiff to said defendant of the deed dated August 19, 1935, that he would accept the use and enjoyment of the premises in question to December 29, 1938, as reimbursement to him for the cost of the improvements placed thereon and would on or before December 29, 1938, reconvey the property to plaintiff, she only to surrender to him at the time of said reconveyance his note for $1150 given to plaintiff at the time of · the· conveyance of August .19, 1935. In response to Issue 5, the jury found that .at the time plaintiff deeded the property to ·Wisdom, these parties did not mutually agree that said defendant was to reconvey the property to plaintiff when she had reimbursed him for the cost incurred by him in improving the property, plus $65 for his services, thereby finding against the defendants' version of the agreement.

Shortly after this parol agreement was made, Wisdom procured one Lindley to erect the house on the property. The contract for construction of the house was reduced to writing, dated September 17, 1935. This contract (to which only Wisdom and wife, and Lindley, were parties) formally required Wisdom and wife to pay the cost of the house, amounting to $528.91, in monthly installments aggregating $14.69 each, beginning October 15, 1935, and created a lien on said property to secure the payment of this debt. Computation shows that the last installment would have fallen due on October 15, 1938. Lindley proceeded with the construction of the house, and completed it during October 1935, apparently about October 10th. Wisdom immediately rented the property and kept it rented continuously for about a year and a half, the rentals never falling below $15 per month; and at the end of this period he installed a business of his own in the house and operated this business on the property until shortly before his conveyance to defendant Hall. Wisdom also made certain improvements on his own account, but made no effort in this suit to recover same or the value thereof.

By deed dated April 27, 1938, defendants Wisdom and wife conveyed the property to defendant Hall, for a recited consideration of $10 cash in hand and the execution and delivery of a promissory vendor's lien note for $900, payable in monthly installments. As a matter of fact, the agreed consideration was $1400, and the part thereof not evidenced by the note was intended to be paid by delivery of property, cancellation or payment of indebtedness, and other means not here important. At least $600 of this $900 note was paid. The greater part of the balance of the consideration was also paid, or delivered, although a small part remains unpaid, apparently because plaintiff asserted title to the property.

The jury found, in answer to Issue 2, that defendant Hall took his deed to the property with knowledge that plaintiff claimed ·to own the property.

At some time after the conveyance to Hall, apparently just before September 21, 1938, the date of the agreement referred to below, plaintiff moved into the house on the property, asserting ownership, and she and defendant Wisdom then entered into negotiations respecting a settlement of the various matters which had come into controversy. Plaintiff and Wisdom actually executed a written agreement which was intended to and would have constituted a compromise and settlement of the plaintiff's cause of action had it taken effect. This instrument was dated September 21, 1938, and therein Wisdom agreed to convey to plaintiff a lot in the Whitmire Addition to the town of Cleveland and to erect certain improvements thereon, in consideration of plaintiff's delivering to him a note which the evidence shows was Wisdom's $1150 note of August 19, 1935, referred to above; and Wisdom also executed a deed purporting to convey to plaintiff the lot referred to in this agreement. However, under the findings of the jury in response to Issues 6 and 7, these instruments were not intended to become effective unless Wisdom's conveyance was approved by a resident Cleveland attorney; and this attorney refused to approve this conveyance. No question respecting the sufficiency of his grounds has been raised. As a result no compromise and settlement was effected.

Upon the execution of this agreement, plaintiff moved out of the house and left the property, but after receiving · her attorney's opinion, and this was given immediately or very shortly after the execution of said deed and the accompanying agreement, she moved back into the house

and retained possession for some two or three months, until she was ejected pursuant to judgment of the County Court of Liberty County.

It appears that defendant Wisdom surrendered possession of the property to Hall immediately upon his conveyance to Hall; and that excepting the period during which plaintiff occupied the property, Hall has been in possession, actual or constructive, since conveyance to him.

We referred above to a mechanic's lien contract securing payment of the cost of erecting the house on the property. This debt was paid; the lien securing same was formally released by instrument dated December 29, 1936. However, $300 of the money wherewith this debt was paid was borrowed by defendant Wisdom from one Anderson; said defendant actually borrowed $750, $300 being paid out on the house debt and the remaining $450 being used for other purposes, and gave Mr. Anderson a deed of trust on the property to secure the payment of the $750 note. The $750 note and the deed of trust securing same were dated November 14, 1936, and the note was payable in twenty-four monthly installments, the last falling due on November 14, 1938. At least seventeen of these installments, aggregating $521.25, were paid before the conveyance to Hall, the last being evidenced by a credit entry on the $750 note dated "4/15/38." Hall's attorney required a release of the Anderson deed of trust; and his requirement was met, the instrument of release being dated April 27, 1938, as were the deed to Hall and the purchase money note given by Hall. Wisdom seems to have been indebted to Anderson for other matters; and in connection with this release, he gave Anderson his note for $600, which evidently included the balance due on the $750 note and the other indebtedness referred to, and secured the payment of this $600 note by a transfer to Anderson of Hall's purchase money note, and the vendor's lien securing same. Hall's purchase money note, dated April 27, 1938, for $900, as stated, was payable in 36 monthly installments of $25 each, the first of which became due on May 1, 1938; Windom's $600 note to Anderson was likewise dated April 27, 1938, and was payable in $25 monthly installments, the first of which also fell due on May 1, 1938. It was Wisdom's intention, and expectation, that payments on the Hall note would discharge his $600 note to Anderson,

and this occurred. The Hall note was duly paid, at least to the extent of discharging the $600 note; Hall's purchase money note bears credit entries amounting to exactly $600, the last being dated "4/25/40."

As stated, it is established as a fact that the plaintiff has never received any compensation whatever for her property.

The errors assigned as a basis for this appeal are presented in two Points. Defendants' Point Two is based upon a misconstruction of the petition. Plaintiff sought no recovery on the $1150 note of August 19, 1938; she specifically alleged that the property was to be reconveyed to her and that the note was not to be paid but was to be surrendered, and the petition shows with sufficient certainty that the allegations respecting the note were only made for the purpose of completely exhibiting the transactions of August 19, 1938, and September 21, 1938, between plaintiff and Wisdom. The primary object of the suit is recovery of the land, and recovery on this note would have been inconsistent with this object and with the relief for which plaintiff specially prayed. This inconsistency is such that it would have been improper to award plaintiff a recovery on the $1150 note under plaintiff's general prayer for relief. 25 Tex. Jur. 514 (Sec. 123, Note 10), and the succeeding annotation in the supplement of 1937; Rule 47, Texas Rules of Civil Procedure. Plaintiff's conduct on trial and in this court substantiates this construction of the petition; she formally tendered the $1150 note to defendants on trial, and states in her brief that she sought no recovery on the note. As a matter of fact, the trial court did not award plaintiff any recovery on this note, and the entire matter, defendants' exception and the trial court's action thereon, is immaterial.

The merits of this appeal depend upon Defendants' Point One, reading as follows: "This suit is an action by (Plaintiff) to cancel and annul a general warranty deed, absolute in form, executed and delivered by her to (Defendant Wisdom) on August 19th, 1935; therefore, as this suit was not filed until August 7th, 1944, (Plaintiff's) alleged cause of action for cancellation and annulment of said deed and recovery of the land conveyed thereby, because of fraud perpetrated upon her by Wisdom, was barred by the four years statute of limitation, and the trial court erred in overruling

(defendants') exception whereby they urged said statute in defense, and the trial court further erred in not sustaining and in overruling (defendants') motion for a peremptory instruction and in rendering judgment for (plaintiff), because the undisputed evidence shows that (plaintiff's) said alleged cause of ·action was barred by the four years' statute of limitation."

Point One is denied. The special exception and the request for peremptory instruction were properly overruled, at least as regards plaintiff's cause of action based on an express trust. If the four year statute of limitations applied, the action would be barred, as a reference to the statement of facts above will readily show, but that statute did not apply to the plaintiff's cause of action based upon an express trust, either as pleaded or as proved. That cause of action did not involve or require the cancellation or reformation of plaintiff's deed of August 19, 1935, to defendant Wisdom. Instead, that cause of action, both as pleaded and as proved, justified a recovery by plaintiff of title to and possession of the land without the granting of any intermediate relief; and since plaintiff specially prayed for recovery of title and possession and· did not specially pray for any other relief except such as depended upon and was a mere consequence of judgment in ·her behalf for title and possession, this action was an action for the recovery of real estate, not only when measured by the nature of the plaintiff's title, as alleged and as proved, but also when measured by the nature of the relief sought. Stafford v. Stafford, 96 Tex. 106, 70 S.W. 75; Redwine v. Coleman, Tex.Civ.App., 71 S.W.2d 921. Suits for the recovery of real estate are specifically excepted from the operation of Art. 5529, R.S.1925, by the terms of that statute, which is the four year statute in question. It is true that plaintiff alleged fraud by defendants in connection with the trust, originating prior to the date of the agreement creating the trust; but we construe these allegations as representing a separate and distinct cause of action for relief based upon the theory that the facts alleged required the court to fasten a constructive trust upon the title in plaintiff's behalf; and since the plaintiff's cause of action, based upon an express trust, is complete in itself and is sufficient to support the judgment appealed from, these allegations of fraud are immaterial and

need not be considered. See, by way of illustration, Colquitt v. Eureka Producing Co., Tex.Com.App., 63 S.W.2d 1018, at page 1021 (Nos. 5, 6 and 7).

We construe plaintiff's prayer for relief by way of cancellation as relating only to transactions between the defendants; it could not have applied to anything else, there being no one before the court except plaintiff Hall and the Wisdoms. However, the significant feature of this relief is that it all depended upon and was merely a consequence of and did not involve any real impediment to judgment for title and possession as prayed for by plaintiff; and this prayer for cancellation, accordingly, did not turn this suit into one for equitable relief to which the four year statute of limitations would apply. McCampbell v. Durst, 15 Tex.Civ. App. 522, 40 S.W. 315; Colquitt v. Eureka Producing Co., Tex. Com.App., 63 S.W.2d 1018; Bookhout v. McGeorge, Tex.Civ. App., 65 S.W.2d 512; McCook v. Amarada Pet. Corp., Tex.Civ.App., 93 S.W.2d 482. These cases involved legal title, but the statement is as true of such an equitable title as plaintiff pleaded and proved as it is of a legal title. Gilmore v. O'Neil, 107 Tex. 18, 173 S.W. 203, at page 207; Stafford v. Stafford, 96 Tex. 106, 70 S.W. 75; Carl v. Settegast, Tex.Com.App., 237 S.W. 238.

We proceed to a discussion of the merits of this appeal. We have said that plaintiff pleaded and proved an express trust in her behalf which had terminated. An action for the recovery of land, accruing under and based upon an express parol trust, is not governed by the four year statute of limitations. The applicable statutes are those of adverse possession. Carl v. Settegast, Tex.Com. App., 237 S.W. 238; Gilmore v. O'Neil, 107 Tex. 18, 173 S.W. 203; Montgomery v. Trueheart, Tex.Civ.App., 146 S.W. 284; Grennan v. Forgeron, Tex.Civ.App., 101 S.W.2d 885; Redwine v. Coleman, Tex. Civ.App., 71 S.W.2d 921; Spangler v. Spangler, Tex.Civ.App., 26 S.W.2d 463, modified and affirmed, Tex.Com.App., 41 S. W.2d 60; Bell County v. Felts, Tex.Civ. App., 120 S.W. 1065, reversed on other grounds 103 Tex. 616, 132 S.W. 123; Craig v. Harless, 33 Tex.Civ.App. 257, 76 S.W. 594. This is a necessary result of the fact that nothing lies between proof of the trust (under which the beneficiary has become

entitled to the land), and judgment in the beneficiary's behalf for the land itself. Proof of the parol trust and of the plaintiff's right thereunder to the land constitutes proof of what amounts to an equitable title and not of a mere equity. In Stafford v. Stafford, 96 Tex. 106, 70 S.W. 75, 76, the court first determined that the action was one for the recovery of real estate which was excepted from the four-year statute of limitations, then said: "If it were held that the transaction constituted a trust in R. E. Stafford, then B. F. Stafford was the beneficiary of that trust, and held the equitable title to the land, which, upon the tender of the sum due, became absolute, and he could institute this action to recover the land without previous suit to declare the existence of the trust." In Montgomery v. Trueheart, Tex.Civ.App., 146 S.W. 284, at page 287, the court said of the beneficiaries' title upon expiration of the term of the trust: "At the end of five years from the dates of their respective deeds to Montgomery (the trustee), the maxim 'equity regards as done that which ought to be done' operating in favor of said grantors clothed them with all the interest in said lots which they would have had under a reconveyance from Montgomery." Also see Gilmore v. O'Neil, 107 Tex. 18, 173 S.W. 203, at page 207 (No. 5); Robson v. Moore, Tex.Civ.App., 166 S.W. 908 (No. 3). The principle has been applied to suits for land based on a constructive trust. Nuckols v. Stanger, Tex. Civ.App., 153 S.W. 931, second appeal 176 S.W. 153; Jewell v. Hart, Tex.Civ. App., 244 S.W. 827; McDonald v. Follett, 142 Tex. 616, 180 S.W.2d 334.

The decision in Cook v. Hardin, Tex. Civ.App., 174 S.W. 633, cited by defendants, is not in point. The plaintiff there evidently cast her action in such a form that the court regarded it as one for cancellation of a deed for fraud. It is said in McCampbell v. Durst, 15 Tex.Civ.App. 522, 40 S.W. 315, at page 319: "One holding a title to land, sufficient to enable him to sue directly for its recovery, may proceed merely to obtain some personal redress against the defendant, as incidental to his ownership, and such a suit plainly would not be one for the recovery of the land. Or he may sue to recover the land, and also to obtain additional affirmative relief necessary for his protection in, and the enjoyment of, his title, and the fact that the latter feature is added to the suit would not deprive it of its character of one for the recovery of real estate." Cook v. Hardin was evidently thought to be such an action as is referred to in the first sentence of this quotation. The appeal before us is not, but is a true action for the recovery of real estate.

The foregoing conclusions require a more detailed discussion of the character and effect of the transaction entered into by plaintiff and defendant Wisdom on August 19, 1935. Since the proof is consistent with petition, although more detailed, the same principles apply to the case made by the pleading and to that made by the proof. As previously stated, we think the transaction of August 19, 1935, constituted a trust. It is quite clear that plaintiff did not intend to convey, and that Wisdom did not expect to acquire, any title to the land except such as was needed to accomplish the purposes of the trust. Plaintiff did not receive, and Wisdom did not intend to pay, any compensation whatever for the land itself; the land, with the improvements contracted for by plaintiff and erected by Wisdom, was to be reconveyed and possession given up to plaintiff by Wisdom on a specified date, December 29, 1938. However, the parties obviously intended the deed of August 19, 1935, to have some operative effect, and a statement of the purposes to be, or which could be, subserved by said conveyance will illustrate what effect that deed was intended to have, or at least could have had. The conveyance of August 19, 1935, subserved various purposes. We think it well enough established that plaintiff and Wisdom expected the house to be erected on credit, as it was, and that Wisdom would create a lien on the land to secure the payment of the cost, precisely as he did. In this respect, the facts suggest Hawkins v. Willard, Tex.Civ.App., 38 S.W. 365; Erminger v. Daniel, Tex.Civ.App., 185 S.W.2d 148; Watts v. Wafford, Tex.Civ.App., 239 S.W. 321; Ratcliff v. Ratcliff, Tex.Civ.App., 161 S.W. 30; and Cook v. Hardin, Tex. Civ.App., 174 S.W. 633. Since plaintiff was not to pay Wisdom any money for erecting the house, but was to compensate him by allowing him to use the property, as improved, until December 29, 1938, there might be some question as to when plaintiff's title to the house was perfected in equity. However, her right to the house was expected to become absolute not later than December 29, 1938, the date when

Wisdom agreed to reconvey the property to plaintiff and the date when the parties intended the trust to expire. This matter of compensating Wisdom for the house suggests Johnson v. Wood, 138 Tex. 106, 157 S.W.2d 146, and Butler v. Butler, Tex.Civ. App., 144 S.W.2d 956. During the term of the trust, such title as was vested in Wisdom afforded him some security against plaintiff's breaking her agreement to leave him in possession until December 29, 1938. It is also apparent that after the house was built and while Wisdom had charge of the property, the title apparently conveyed to him by the deed of trust August 19, 1935, may have facilitated his dealing with the property with which he expected to secure his reimbursement. The entire transaction suggests Hamill & Smith v. Parr, Tex.Civ.App., 173 S.W.2d 725. The trust created by the transaction of August 19, 1935, that is, the parol agreement between plaintiff and Wisdom and the deed from plaintiff to Wisdom was thus an active trust, intended to endure for a definite period, and under which Wisdom was trustee and both himself, and plaintiff were beneficiaries. This trust should also be classified as an express trust, for it was created by the agreement of the parties. The judgment appealed from represents an effort to carry out the intention of the parties as evidenced by their agreement and is not based upon an intention or a duty implied and imposed by force of the law alone. 42 Tex.Jur. 611 (#10). See Spangler v. Spangler, Tex.Civ.App., 26 S.W.2d 463, at page 468 (Nos. 8, 9) modified and affirmed Tex.Com.App., 41 S.W.2d 60; Cluck v. Sheets, Tex.Civ.App., 171 S.W.2d 857, affirmed 141 Tex. 219, 171 S.W.2d 860.

■ Doubtless such character of title, interest or power vested in Wisdom under this trust as enabled him to create a valid lien upon the property to secure payment of the cost of the structure, and to accomplish the purposes for which the trust existed. 42 Tex.Jur. 628 (Sec. 27). As illustrations of the principle involved see: Watts v. Wofford, Tex.Civ.App., 239 S.W. 321, at page 323 (Nos. 6, 7); Montgomery v. Trueheart, Tex.Civ.App., 146 S.W. 284; Estes v. Estes, Tex.Com.App., 267 S.W. 709. However, it is not necessary to determine the theoretical limits of this title or interest, for the term of the trust had expired, and the purposes for which said trust had been created were all performed before this suit was brought; and if plaintiff's rights amounted only to an equity when the trust was created, her rights to the property had become absolute by the time this suit was commenced and had ceased to be a mere equity.

■ The powers of the trustee terminate upon the expiration of the period of time during which the parties intended the trust to exist, Newman v. Dotson, 57 Tex. 117; Nations v. Ulmer, Tex.Civ.App., 139 S.W.2d 352; excepting, that is, such of his powers as may relate to closing up the trust. When land is conveyed in fee to a trustee upon an active, express trust for the grantors which is limited to endure for a stated period, the equitable title, which may have previously vested in the trustee for the purposes of the trust, subject to an equity vested in the beneficiaries, ordinarily reverts to the grantor-beneficiaries, upon the expiration of the term. Said grantor-beneficiaries, being absolutely entitled to the land, can maintain an action against the trustee to recover the land, and their action does not come within the operation of the four year statute of limitations. It is, instead, governed by the statutes of adverse possession, so far as limitation is concerned. Montgomery v. Trueheart, Tex.Civ.App., 146 S.W. 284. The trust before us was intended to expire on December 29, 1938, the date when Wisdom would be fully compensated for his expense and when he had agreed to reconvey the property to plaintiff.

It might not do to apply this rule if any purpose for which the trust was created remained to be fulfilled; but the facts recited above show that the object of the trust before us had been accomplished and that all purposes of the trust had been performed before plaintiff filed this suit, and that nothing whatever remained to be done by the trustee, or his successor with notice, except to formally evidence this fact by a reconveyance to plaintiff. Wisdom and Hall had the use of the property as agreed, and more; if such title as was conveyed by plaintiff under the deed of August 19, 1935, afforded any security against plaintiff's breaking her agreement, or facilitated use and handling of the property, it was not needed for such purposes after December 29, 1938. Wisdom had agreed to reconvey the property on that date. The only other purpose which the trust subserved related to the lien for the cost of the house on the property, and that lien had been created and had been formally

released prior to December 29, 1938. True, the land may have been conditionally subject to a lien to secure a debt of Wisdom's which may, or may not, have included some part of the original debt for the cost of that house; as a part of the conveyance to Hall, Wisdom procured a formal release of his deed of trust to Anderson (which was the only lien fixed on the land), took Hall's vendor's lien note for $900, and then assigned said note and the lien securing it to Anderson to secure payment of his own indebtedness to Anderson, then and there cast into a note for $600. The remote and conditional liability of the land to Anderson as security for the payment of Wisdom's $600 note has nothing whatever to do with the trust; it was of no interest to Anderson who held the title, and the title was subject to conveyance by Hall to close up the trust. Certainly neither Wisdom nor Hall could assert any right to retain title until Wisdom's $600 note was paid; the pledge of Hall's note and the purported vendor's lien securing same represented a breach of trust. All of this happened before December 29, 1938, and we think all purposes for which the trust was created and for which it existed had been performed by that date, which, as stated, was the date when the term of the trust expired. As a matter of fact, the Wisdom $600 note was paid before this suit was commenced, although after December 29, 1938; so under any theory it must be said that all trust purposes had been performed by the time plaintiff brought her suit.

The purposes of the trust having been performed, such equitable title vested in plaintiff as was sufficient to support this action and the judgment in her behalf for title and possession; and the four year statute of limitations did not apply to this action, as previously stated, for the reason that it was truly an action for recovery of real estate. See Stafford v. Stafford, 96 Tex. 106, 70 S.W. 75; Hamill & Smith v. Parr, Tex.Civ.App., 173 S.W.2d 725; Tinsley v. Magnolia Park Co., Tex.Civ. App., 59 S.W. 629; Redwine v. Coleman, Tex.Civ.App., 71 S.W.2d 921; Guardian Trust Co. v. Studdert, Tex. Civ.App., 36 S.W.2d 578, at pages 582, 584 and 585.

We see no reason why principles ordinarily governing passive trusts should not apply to the situation before us. Not later than the date when the Wisdom $600 note was discharged, this trust ceased to be an active trust, all of the purposes of the trust having been performed. "When a trustee has no duties to perform, the purposes of the trust having been accomplished, it becomes a simple, passive, or dry trust, as it is termed in law, and the cestui que trust is entitled to have the full legal title and control of the property, because no other person has an interest in the property." Lanius v. Fletcher, 100 Tex. 550, 101 S.W. 1076, at page 1078. Also see: McNeill v. St. Aubin, Tex.Civ. App., 209 S.W. 781, at page 785 (No. 3). The beneficiary under a passive trust has true equitable title as against the trustee, who is a mere holder of the naked legal title at the convenience of the beneficiary. The following authorities illustrate various incidents of the relation between trustee and beneficiary under a passive trust and inferentially support our statement respecting title: 42 Tex.Jur. 708 (Sec. 94); Moore v. City of Waco, 85 Tex. 206, 20 S.W. 61; Brown v. Harris, 7 Tex.Civ.App. 664, 27 S.W. 45; Tinsley v. Magnolia Park Co., Tex.Civ.App., 59 S.W. 629; Bankers Life Co. v. Alderdice, Tex.Civ. App., 92 S.W.2d 539; Blumrosen v. Burke, Tex.Civ.App., 37 S.W.2d 1070; Blair v. Blair, Tex.Civ.App., 105 S.W.2d 331; Griggs v. Jefferson Bank & Trust Co., Tex. Civ.App., 57 S.W.2d 390; Gregg v. First National Bank, Tex.Com.App., 26 S.W.2d 179. The beneficiary of a dry trust can maintain an action against the trustee and the trustee's grantee with notice for recovery of the land, Moore v. City of Waco, 85 Tex. 206, 20 S.W. 61; and see Blair v. Blair, Tex.Civ.App., 105 S.W.2d 331. Under such circumstances, there seems to be no room for the application of the four year statute of limitations to an action like this, in which, at least as against the defendants, the plaintiff has pleaded and proved an absolute right to the land which can be enforced without prior equitable relief.

The defendants' argument, as we reconstruct it, is founded upon the premise that the deed of August 19, 1935, from plaintiff to defendant Wisdom, was an effective conveyance which passed full title to the land. From this defendants conclude that this action is one to set aside this deed; that this relief is sought by reason of fraud in procuring said deed; that title remained in Hall, as it was in Wisdom, until this relief was granted, and could not be adjudged in plaintiff until the court first set aside said deed of August 19, 1935;

that under Art. 5529, R.S.1925, such an action.is universally barred in four years after the cause of action accrues; that more than four years had elapsed since plaintiff was entitled to a reconveyance, since Wisdom had repudiated his agreement and since plaintiff had learned of said repudiation, and therefore the deed of August 19, 1935, could not be set aside and the plaintiff accordingly could not recover the land. For this defendants cite various authorities, none of which require discussion.

This argument, however, if we have fully and accurately stated it, assigns to plaintiff's allegations of fraud a materiality they do not have. We think those allegations represent an attempt to state a cause of action which is only cumulative of plaintiff's cause of action based on an express trust. This argument, also, is based upon a mistaken premise; the deed of August 19, 1935, did not convey full title to Wisdom. It was a conveyance in trust, and while, as stated above, it doubtless conveyed to him such title, interest or power as the trust required, nevertheless the trust had expired and plaintiff's right to the land had become absolute before this suit was filed. In no proper sense does the action before us involve any attempt to reform or cancel said deed of August 19, 1935. Instead, plaintiff has only exhibited the entire transaction. As said in Alford v. Cole, Tex.Civ.App., 65 S.W.2d 813, 816, in reference to a deed shown to be a mortgage resting in parol, "the instrument appearing in form a deed is not cancelled, annulled, or reformed, but is made effective as that which it really is and has con-

tinuously been since its inception." The deed of August 19, 1935, as completely exhibited by the parol evidence respecting the trust, entitled the plaintiff to the land by its own terms, and the judgment only carried out the literal agreement of the parties.

An action wherein a trust is established, as here, and judgment awarded for the land is not regarded as an action to rescind, set aside or reform the conveyance in trust. Carl v. Settegast, Tex.Com.App., 237 S.W. 238, at pages 242, 243; Bell County v. Felts, Tex.Civ.App., 120 S.W. 1065, at pages 1071, 1072, reversed on other grounds 103 Tex. 616, 132 S.W. 123, but on this point cited with approval in Carl v. Settegast; Williams v. Emberson, 22 Tex.Civ. App. 522, 55 S.W. 595; Redwine v. Coleman, Tex.Civ.App., 71 S.W.2d 921; Grennan v. Forgeron, Tex.Civ.App., 101 S.W.2d 885. Consistent with this theory is the holding that proof of the express parol trust does not violate the parol evidence rule and does not vary the terms of the conveyance in trust. Redwine v. Coleman, Tex.Civ.App., 71 S.W.2d 921; Sullivan v. Fant, 51 Tex. Civ.App. 6, 110 S.W. 507; 42 Tex.Jur. 680 (Sec. 70); page 684 (Sec. 72). And that it is not necessary to allege or prove fraud, accident, mistake or the like as a predicate for proof of such a parol trust or the granting of relief pursuant thereto. Ratcliff v. Ratcliff, Tex.Civ.App., 161 S.W. 30; Sullivan v. Fant, 51 Tex.Civ.App. 6, 110 S.W. 507; Sparks v. Mince, Tex.Civ. App., 138 S.W.2d 203.

This disposes of the assignments before us. No error appearing, the judgment of the trial court is affirmed.